**JAMES MECHANICAL CONTRACTORS, INC., Appellant,**

v.

**Mike TATE, Appellee.**

**No. 2351 CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 9, 1982.

---

2. We express no opinion on the interpretation    of this clause or its validity.

Jeffery Lehmann, Houston, for appellant.

Jay Siskind, Diamond & Associates, Houston, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

## OPINION

YOUNG, Justice.

James Mechanical Contractors, Inc., brought an action against Mike Tate for the enforcement of a mechanic's and materialmen's lien. He appeals from a take nothing judgment. We affirm.

The record shows that James is a plumbing subcontractor, who entered into an agreement with Roy Jackson Construction Company, a general contractor, to install the plumbing in Mike Tate's new home. This contract provided that the work would be done and payment made in three stages. Each payment was to be $8,152.00. James did the work and received the first two payments less a 10% retainage. Jackson made the payments; the appellant had no contract with Tate, the home owner.

In November of 1979, Tate terminated his agreement with Jackson and hired another general contractor. Although James had completed its plumbing work by this time, Jackson had not paid him for the third stage of his work nor had he remitted the 10% retainage withheld from the first two stages. The third stage of the work was done by James in August and September of 1979.

James filed an affidavit for a mechanic's and materialmen's lien on December 7, 1979 and mailed a single copy to Tate. He also sent Tate notice and demand for payment on December 5, 1979.

The trial court concluded that James did not give Tate proper notice of its claim as required by statute. The applicable statute, Tex.Rev.Civ.Stat.Ann. Art. 5453 (Vernon Supp.1982) in pertinent part provides:

"The lien provided for in Article 5452 (describing liens) may be fixed and secured in the following manner:

1. Every ... subcontractor who may be entitled to a lien under this Act, not later than ninety (90) days, after the indebtedness accrues as defined hereinafter in Article 5467, shall file his affidavit claiming a lien, to be recorded in a book kept by the county clerk for that purpose in the office of the county clerk of the

county in which such property is located ... and he shall send to the owner by certified or registered mail, addressed to his last known business or residence address, two (2) copies of such affidavit claiming a lien....

2. If the claimant for such lien is other than an original contractor, such claim shall not be valid or enforceable unless the claimant shall also have complied with the applicable notice requirements hereafter set forth which shall be conditions precedent to the validity of such claims:

\*   \*   \*   \*   \*   \*

b. Excepting instances of retainages for which notices have been given in accordance with the preceding subparagraph, the claimant shall give the applicable notice or notices described, as follows:

(1) Where the claim consists of a lien claim arising from a debt incurred by a subcontractor, the claimant shall give written notice of the unpaid balance of such claim to the original contractor not later than thirty-six (36) days after the tenth (10th) day of the month next following each month in which claimant's labor was done or performed in whole or in part or his material delivered in whole or in part; and claimant shall give a like notice to owner not later than ninety (90) days after the tenth (10th) day of the month next following each month in which the claimant's labor was done or performed in whole or in part or his material delivered in whole or in part.

(2) Where the claim consists of a lien claim arising from a debt incurred by the original contractor, no such notice need be given to the contractor but notice to the owner, as prescribed in paragraph 2b(1) of this Article will be sufficient.

Such notices shall be sent by certified or registered mail, addressed to the owner, and where required by this Article to the original contractor, at their last known business or residence address. A copy of the statement or billing in the usual and customary form shall suffice as a notice under this subparagraph; provided, however, if such statement or billing is to be effective to authorize an owner to retain funds for the payment of such claim as provided in Article 5463 of this Act, it shall contain or be accompanied by some form of statement to an owner to the effect that if the bill remains unpaid he may be personally liable and his property subjected to a lien unless he withholds payments from the contractor for the payment of such statement or unless the bill is otherwise paid or settled."

Tex.Rev.Civ.Stat.Ann. Art. 5467 (Vernon Supp.1982), provides that indebtedness accrues on the tenth day of the month next following the month in which the labor was performed or the material furnished.

In order to comply with the statute, James was required to file its affidavit not later than ninety days after the tenth day of the month after the labor was performed. The appellant clearly met this deadline for the work done in August and September of 1979 by filing the affidavit on December 7, 1979. Although James should have mailed two copies of the affidavit to Tate, the notice and demand for payment requirements were complied with.

When considering mechanic's and materialmen's lien statutes, including those governing affidavits necessary to perfect liens, substantial compliance is required. *Conn, Sherrod & Co. v. Tri-Electric Supply Co.*, 535 S.W.2d 31, 35 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.). James met all the requirements of Art. 5453 except that it sent only one copy of the affidavit to Tate. We hold that this was substantial compliance.

There are additional difficulties with filing requirements. Tex.Rev.Civ.Stat.Ann. Art. 5469 (Vernon Supp.1982), provides that persons who file affidavits claiming a lien not later than thirty days after the work is completed shall have a lien upon a fund composed of 10% of the contract price which the owner has the duty to retain. Clearly, the appellant did not file his affidavit within the thirty day time limit. But, Tate did not retain 10% of the contract price. When the owner fails to retain the

10%, the thirty day time limit is inapplicable. *General Air Conditioning v. Third Ward Church of Christ,* 426 S.W.2d 541, 544 (Tex.1968). In *General Air Conditioning,* the Supreme Court decreed that because the owner did not retain the 10% fund, the claimant could have a lien against the property. Since the trial court in the case before us, in an unchallenged finding, determined that Tate's property was his homestead, no lien can be imposed on the property. Even so, the claimant can obtain a personal judgment against the property owner. *Donahue v. Rattikin Title Co.,* 534 S.W.2d 156, 159 (Tex.Civ.App.—Fort Worth 1976, no writ); *W. & W. Floor Covering Co. v. Project Acceptance Co.,* 412 S.W.2d 379, 382 (Tex.Civ.App.—Austin 1967, no writ).

■ Because James substantially complied with the filing requirements, it could have had a personal judgment against Tate for the amounts owed for work done in August and September. The trial court found, however, that the new general contractor had to redo much of the work previously done by James because James' work was inadequate. This finding, which has adequate basis in the evidence, supports the trial court's conclusion that James failed to show that it was entitled to recover.

We have considered all of the appellant's points of error and find none which require reversal. The judgment of the trial court is affirmed.