Thomas **HADNOT** and Gay **Hadnot, Appellants,**

v.

**WENCO DISTRIBUTORS; M & M Light-ing, Inc.; Hall'S Carpet Haus, Inc.; and Dan'S Plumbing, Inc., Appellees.**

No. 01–96–00317–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 10, 1997.

Rehearing Overruled July 23, 1997.

Published in Part Pursuant to Tex.R.App.P.90.

Daniel R. Elkins, Baytown, for Appellants.

Chuck Portz, Houston, for Appellees.

Before HEDGES, SCHNEIDER and O'CONNOR, JJ.

## OPINION

HEDGES, Justice.

Appellants, Thomas and Gay Hadnot, appeal a judgment rendered in favor of appellees, a group of four subcontractors. Appellees sued the Hadnots to recover amounts owed to them for materials and labor provided for the Hadnots' new home and to foreclose upon liens that appellees had on the new home. After a bench trial, the trial court found that the Hadnots owed appellees for the materials and labor and entered a judgment establishing and foreclosing appellees' liens. On appeal, the Hadnots argue that (1) the trial court erred in not making various findings of fact and conclusions of law; (2) there was no evidence to support the judgment; and (3) the trial court erred in awarding attorney's fees to the appellees. We reform the judgment and, as reformed, affirm.

## FACTS

On July 16, 1993, Thomas and Gay Hadnot entered into a mechanic's lien contract with The Magnificent Seven Corporation, a Texas corporation d/b/a Gibraltar Homes ("Gibraltar") to build a new home (the property) for $189,260. On March 21, 1994, Gibraltar completed the house. That afternoon, the Hadnots paid Gibraltar in full, including $20,000 in "extras" for the house and then closed their permanent home loan. On April 11, 1994, appellee Hall's Carpet Haus, Inc. ("Hall") sent the Hadnots notice of an unpaid indebtedness for labor and materials it supplied to the property. On April 22, 1994, appellee M & M Lighting, Inc. ("M & M Lighting") sent its notice, on April 27, 1994, appellee Wenco Distributors ("Wenco") sent its notice, and on April 28, 1994, and again on June 3, appellee Dan's Plumbing, Inc. ("Dan") sent its notice. The Hadnots received Hall's and Dan's notices "timely," Wenco's notice on May 3, and M & M Lighting's notice on May 4. On May 3, Wenco and M & M Lighting filed mechanic's liens on the property. Hall and Dan filed mechanic's liens on the property May 13 and June 17, respectively. All appellees later sued the

Hadnots to collect the unpaid indebtedness and to establish and foreclose their liens. After a bench trial, the trial court rendered judgment for the appellees on their money claims and their foreclosures.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In point of error one, the Hadnots contend that the trial court erred in not making a finding of fact that appellees' claims against Gibraltar, the general contractor, had been reduced to a final judgment. Specifically, the Hadnots argue that appellees were required to pursue a final judgment on their claims against Gibraltar before the Hadnots would be liable to appellees for any unpaid indebtedness against the property under TEX. PROP.CODE ANN. § 53.084(b) (Vernon 1995).

The record belies the Hadnots' literal contention. Included in the trial court's findings of fact were the following:

3. Gibraltar is not a party to this suit, and none of the Plaintiffs and Cross–Defendants [Appellees] have obtained a final judgment against Gibraltar for their claims against Gibraltar for materials which such Plaintiffs and Cross–Defendants [Appellees] sold to Gibraltar for use in the construction of the Hadnot Residence and which indebtedness forms the basis of each of the Mechanics' Liens Claims which the various Plaintiffs and Cross–Defendants [Appellees] have caused to be filed of record against the property on which the Hadnot Residence is located.

4. None of the Plaintiffs and Cross–Defendants had any suit pending against Gibraltar on the date of the trial of this case, for their claims against Gibraltar for materials which were sold by the Plaintiffs [Appellees] to Gibraltar for use in the construction of the Hadnot Residence.

If we were to agree with the Hadnots' contention that the appellees must have pursued claims against Gibraltar to a final judgment before proceeding against the Hadnots, then the above findings would support that

contention. The essence of the Hadnots' contention in point of error one, then, is not that the trial court erred in not making a finding of fact, but rather that the trial court erred in rendering judgment for appellees because the trial court's findings of fact established that the Hadnots were not liable.

### Sources of Funds

Under the mechanic's, contractor's, and materialman's lien statutes,[1] there are two sources of funds to which a derivative claimant may look for recovery from an owner. *First Nat'l Bank v. Sledge,* 653 S.W.2d 283, 286 (Tex.1983); *see* TEX. PROP.CODE ANN. § 53.101 *et seq* (Vernon 1995); TEX. PROP. CODE ANN. § 53.081 *et seq* (Vernon 1995).

### Ten Percent Retainage

Under section 53.101 ("Statutory Retainage Statute"), an owner, under an original contract for which a mechanic's lien may be claimed, is required to retain 10 percent of the contract price of the work to the owner or 10 percent of the value of the work during the progress of work and for 30 days after the work is completed. TEX. PROP.CODE ANN. § 53.101 (Vernon 1995). The retained funds secure the payment of artisans and mechanics who perform labor or service and payment of other persons who furnish material, material and labor, or specially fabricated material for any contractor, subcontractor, agent, or receiver in the performance of the work. TEX. PROP.CODE ANN. § 53.102 (Vernon 1995). A claimant has a lien on the retained funds if the claimant (1) sends the notices required by this chapter in the time and manner required; and (2) files an affidavit claiming a lien not later than the 30th day after the work is completed. TEX. PROP.CODE ANN. § 53.103 (Vernon 1995). If the owner does not comply with this subchapter, the claimants complying with this chapter have a lien, at least to the extent of the amount that should have been retained from the original contract under which they are claiming, against the house, building, structure, fixture, or improvements and all of its properties and against the lot or lots of land necessarily connected. TEX. PROP.CODE ANN. § 53.105(a) (Vernon 1995).

---

1. TEX. PROP.CODE ANN. §§ 53.001—53.239 (Vernon     1995).

If the lien claim arises from a debt incurred by the original contractor, the claimant must give notice to the owner or reputed owner, with a copy to the original contractor. TEX. PROP.CODE ANN. § 53.056(c) (Vernon 1995). The claimant must give the same notice to the owner or reputed owner and the original contractor not later than the 15th day of the third month following each month in which all or part of the claimant's labor was performed or material or specially fabricated material was delivered. TEX. PROP. CODE ANN. § 53.056(b) (Vernon 1995).

■ The person claiming the lien must file an affidavit with the county clerk of the county in which the property is located not later than the 15th day of the fourth calendar month on which indebtedness accrues. TEX. PROP.CODE ANN. § 53.052(a) (Vernon 1995). The affidavit must be signed by the person claiming the lien or by another person on the claimant's behalf and must contain substantially:

(1) a sworn statement of the claim, including the amount;

(2) the name of the owner or reputed owner;

(3) a general statement of the kind of work done and materials furnished by the claimant;

(4) the name of the person by whom the claimant was employed or to whom the claimant furnished the materials and labor;

(5) the name of the original contractor;

(6) a description, legally sufficient for identification, of the property sought to be charged with the lien; and

(7) the claimant's business address.

TEX. PROP.CODE ANN. § 53.054(a) (Vernon 1995). When the owner does not retain the 10% fund, the 30-day period for claiming liens is inapplicable. *General Air Conditioning Co. v. Third Ward Church of Christ,* 426 S.W.2d 541, 544 (Tex.1968). The owner becomes personally liable to the claimant if the owner does not retain the 10% fund. *James Mechanical Contractors v. Tate,* 647 S.W.2d 347, 350 (Tex.App.—Corpus Christi 1982, no writ); *Donahue v. Rattikin Title Co.,* 534 S.W.2d 156, 159 (Tex.Civ.App.—Fort Worth

1976, no writ); *W & W Floor Covering Co. v. Project Acceptance Co.,* 412 S.W.2d 379, 382 (Tex.Civ.App.—Austin 1967, no writ).

**Trapped Retainage**

■ Under section 53.081 *et seq* ("Trapping Statute"), a claimant can trap, in the owner's hands, funds payable to the general contractor if the owner receives notice from the claimants that they are not being paid. *Sledge,* 653 S.W.2d at 286; *see* TEX. PROP. CODE ANN. § 53.081 *et seq* (Vernon 1995). If the owner pays any money to the general contractor after receiving notice from the claimants, the owner's property will be subject to a lien to the extent of the money paid. *Sledge,* 653 S.W.2d at 286; TEX. PROP.CODE ANN. § 53.084(b) (Vernon 1995). The owner is liable for that amount in addition to any amount for which he is liable under the statutory retainage statute. TEX. PROP.CODE ANN. § 53.084(b) (Vernon 1995). The amount trapped may exceed the 10% required to be retained under the statutory retainage statute. *Sledge,* 653 S.W.2d at 286. The owner becomes liable under the trapping statute if the owner has received the required notice, if the lien has been secured, and if the claim has been reduced to final judgment. TEX. PROP.CODE ANN. § 53.084(b) (Vernon 1995).

**"Reduced to Final Judgment"**

■ The Hadnots contend that the section 53.084(b) language "if the claim has been reduced to final judgment" means that to recover from the owner under any circumstances, the appellees were required first to obtain a judgment against the general contractor. We disagree. This language relates to the establishment and foreclosure of the lien. A mechanic's lien is not created by agreement of the parties, nor is it a self-enforcing lien like a deed of trust or a security agreement. It may be established only by judicial order. Section 53.154 provides that "[a] mechanic's lien may be foreclosed only on judgment of a court of competent jurisdiction foreclosing the lien and ordering the sale of the property subject to the lien." TEX. PROP.CODE ANN. § 53.154 (Vernon 1995). Therefore, a final judgment is required before a mechanic's lien is established and fore-

closed, no matter what the source of funds held by the owner or for which the owner is liable. We offer no explanation why the "final judgment" language is placed in section 53.084(b) and not in section 53.105. The only reasonable construction of the chapter requires that we interpret the provisions in accordance with the above analysis.

## Basis of Recovery

The Hadnots argue that appellees were required to obtain a final judgment against the Gibraltar under section 53.084(b) before they could establish and foreclose a lien against the Hadnot's property. We disagree for two reasons. First, appellees did not recover under section 53.084; rather, they recovered under section 53.105. Therefore, the requirements of section 53.084 are not applicable. Second, the Hadnots misinterpret the meaning of a "claim ... reduced to a final judgment." The judgment referenced is not against the general contractor, but rather it is a judgment establishing and foreclosing a lien against the owner's property under section 53.154.

We overrule point of error one.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP. P. 90, and is thus ordered not published. We reform the judgment of the trial court to award attorney's fees to appellees in the event of an appeal by the Hadnots to the supreme court only if appellees are ultimately successful in having their judgment affirmed. As reformed, we affirm the judgment of the trial court.