SUNBELT CONSTRUCTION CORPORA-
TION, INC., a/k/a Sunbelt Construc-
tion Company, Jackson T. Fulgham
and Proverbs Development Corpora-
tion, Appellants,

v.

S & D MECHANICAL CONTRACTORS,
INC., Appellee.

No. 13–83–192–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 15, 1983.

Rehearing Denied April 12, 1984.

Bill C. Hunter, Harry J. Martin, Jr., Hunter, Vineyard, Drake & Miller, Dallas, for appellants.

Richard A. Sayles, Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal by Writ of Error from a Summary Judgment which was granted to plaintiffs, S & D Mechanical Contractors, Inc., against Sunbelt Construction Corp., Inc., et al. The trial court granted judgment against defendants jointly and severally for $15,414.40, foreclosed a lien on real property for $15,077.90 and awarded the plaintiffs $1200.00 as attorney fees.

On February 11, 1982, plaintiff, S & D Mechanical Contractors, filed suit against defendants for labor and materials furnished by them to be used at a project located at 2551 Lombardy Lane in Dallas, Texas for which they had not been paid by the defendants. Plaintiffs alleged that they had met all requirements necessary to perfect a lien on the property in question and requested foreclosure of the lien. Attached to their original petition were several proposals by S & D Mechanical to Sunbelt Construction and several invoices from S & D Mechanical to Sunbelt Construction for labor and materials provided to Sunbelt Construction. The petition was sworn to by Eric Florence, the vice president of S & D Mechanical Contractors. Defendants' original general denials were filed on March 29, 1982. A Motion for Summary Judgment was filed by the plaintiffs on April 12, 1982. A certificate of service signed by plaintiffs' attorney on April 12, 1982, certifies that a copy of the motion for summary judgment was served upon the attorneys of record of all parties to the cause in accordance with Rules 21a and 21b of the Texas Rules of Civil Procedure.

A judicial fiat appeared on the motion for summary judgment notifying defendant that plaintiffs' motion was to be heard at 9:00 a.m. on May 13, 1979. The Summary Judgment was granted following a hearing that was held on May 13, 1982. On July 30, 1982, appellants filed their Petition for Writ of Error. Appellants do not assert why their appeal is proper by Writ of Error, but address only the issue that the trial court improperly granted appellee's summary judgment.

In order for appellants to proceed by Writ of Error, they must show: (1) the

petition for writ of error was filed within six months after the final judgment is rendered (Tex.Rev.Civ.Stat.Ann. art. 2255 [Vernon 1971]); (2) that the party did not participate in the actual trial of the case in the trial court Tex.Rev.Civ.Stat.Ann. art. 2249a (Vernon Supp.1982–83); and (3) that the invalidity of the judgment appears on the face of the record. *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961).

The record clearly shows that appellant has met the first requirement for appeal by Writ of Error since his petition for Writ of Error was filed within six months of the date the judgment was signed. The determinative issues here are whether appellants' actions constituted participation to such an extent to foreclose review by Writ of Error and whether there is error on the face of the record sufficient to allow defendants to appeal by Writ of Error.

■ The extent of participation that disqualifies one from appealing under art. 2249a seems to be a question of degree. *Thacker v. Thacker*, 496 S.W.2d 201 (Tex. Civ.App.—Amarillo 1973, writ dism'd). Review by Writ of Error will not be denied by participation limited to the mere filing of an answer. *Petroleum Casualty Co. v. Garrison*, 174 S.W.2d 74 (Tex.Civ.App.— Beaumont 1943, ref'd want merit). Here, defendant's participation consisted only of the filing of general denials. We, therefore, hold that the defendant-appellants here did not participate to such an extent that they are now precluded to appeal by writ of error on this ground.

■ A party seeking review by writ of error must also prove that the invalidity of the judgment appears on the face of the record. *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961). This error must be disclosed by the papers filed in the case. *Pace Sports, Inc. v. Davis Brothers Publishing Company, Inc.* 514 S.W.2d 247 (Tex.1974). Here, the record consists of plaintiff's sworn original petition which alleges that the conditions precedent necessary to perfect a lien under Tex.Rev.Civ. Stat.Ann. art. 5453 (Vernon Supp.1982– 1983) have been met. The petition also

alleged that the plaintiffs furnished labor and materials to Sunbelt and attached proposals and invoices as evidence of their claim. They also plead that they are entitled to attorney's fees under Tex.Rev.Civ. Stat.Ann. art. 2226 (Vernon Supp.1982– 1983). Plaintiff's summary judgment proof, in addition to the pleadings, consisted of copies of the proposals and invoices sent to Sunbelt. An affidavit of Eric Florence, Vice President of S & D, stated that they (S & D) met all of the requirements necessary to foreclose a lien under art. 5453. An affidavit by the attorney as to reasonable fees was also included as part of the summary judgment proof. No response to the summary judgment motion was filed by the appellants.

The appellees also introduced a document on the day of the summary judgment entitled "Mechanics Lien Affidavit in Claim." The document was accepted by the trial court and included in the papers filed in the cause. There was some oral testimony taken as to attorney's fees.

The judgment of the trial court recites that, after considering the motion, the affidavits in support hereof and the pleadings on file, summary judgment should be rendered in favor of S & D Mechanical. The judgment specifically recites that the lien is foreclosed and orders appellant to pay attorney's fees. While appellants do not bring forward specifically any error that they believe appears *on the face of the record*, they present three arguments outlining why summary judgment was improper.

■ Appellants first argue that the trial court erred in foreclosing the Mechanic's lien in that there is no evidence to establish the lien or its perfection. Plaintiff's petition alleges that they have met the conditions precedent to establishing a valid lien under Tex.Rev.Civ.Stat.Ann. art. 5453 (Vernon Supp.1982–1983). Tex.R.Civ.P. 54 (Vernon 1979) states:

In pleading the performance or occurrence of conditions precedent, it shall be sufficient to aver generally that all condi-

tions precedent have been performed or have occurred. When such performances or occurrences have been so plead, the party so pleading same shall be required to prove only such of them as are *specifically* denied by the opposite party. (emphasis supplied)

Appellants did not specify which conditions precedent were not met. They thereby waived their right to complain of any such failure on appeal.

■ Appellants also claim that the trial court improperly allowed the appellee to file the lien affidavit on the date of trial. Rule 166–A(c) states that except on leave of court *with* notice to opposing counsel, the motion and supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. The appellants contend that they were not notified of the introduction of the lien affidavit. The affidavit of Eric Florence, which was timely filed, specifically refers to the existence and filing of the affidavit of lien. It was not an abuse of discretion for the trial court to receive a copy of the lien affidavit on the date of hearing when the other summary judgment evidence which was on file alleged the filing of the lien and was not objected to by the defendant. *See Lindley v. Smith*, 524 S.W.2d 520 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Axcell v. Phillips*, 473 S.W.2d 554, 560 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.).

■ The appellant next argues that the trial court erred in rendering a money judgment against appellant individually. Here, the trial court granted judgment against defendants Sunbelt Construction Corp., Inc. a/k/a Sunbelt Construction, Co., Jackson Fulgham and Proverbs Development Corp jointly and severally. Generally, the rule which makes a verified account prima facie evidence in the absence of a written denial does not apply to transactions between third parties who were strangers to the transaction. *Boysen v. Security Lumber Co.*, 531 S.W.2d 454, 456 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). The invoices included as part of the sworn petition reflect only the company defendant, Sunbelt Construction. However, none of the defendants filed written denials under oath claiming that they were not liable in the capacity in which they were sued in accordance with Tex.R.Civ.P. 93(c). All three answers filed by all of the defendants appear to be signed by defendant, Jackson T. Fulgham; and are all in the form of general denials. Where a defendant does not file a sworn pleading complaining of a defect of parties before the case is called to trial, such defect is waived. Further, in plaintiff's Original Petition, they specifically allege that, at the time the proposals were made and at the time the materials were furnished, Sunbelt was not a valid and existing corporation under the laws of Texas. They allege that Fulgham was personally, jointly, severally liable. There was no specific denial of this allegation, either. Plaintiff's summary judgment proof consisted of the affidavit of Eric Florence and a systematic record of all of the charges.

■ Appellants' third argument is that the trial court erred in awarding attorney's fees. The summary judgment evidence concerning attorney's fees is by affidavit of Richard Sayles. It is included as part of appellees summary judgment proof. The affidavit states his familiarity with the fees charged by attorneys in Dallas County and that $1200.00 was reasonable in this case. An affidavit filed by the movant's attorney setting forth his opinion regarding reasonable attorney's fees is sufficient, when uncontroverted by the non movant. *Bado Equipment Company, Inc. v. Ryder Truck Lines*, 612 S.W.2d 81, 83 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). While oral testimony was presented on the day of the hearing, it was not substantially different from the affidavit which was already on file. If there was error on the part of the trial court in hearing oral testimony, such error was harmless in view of the summary judgment evidence already on file.

We hold that there is no error on the face of the record to allow appellant's appeal by

Writ of Error. The judgment of the trial court is affirmed.