Jewel **LUTICH**, Appellant,

v.

Nelson **PUETT**, Appellee.

No. 11–84–249–CV.

Court of Appeals of Texas, Eastland.

June 20, 1985.

C.R. Kit Bramblett, Bramblett & Bramblett, El Paso, for appellant.

Gary B. Weiser, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellee.

RALEIGH BROWN, Justice.

This is a trespass to try title case. Puett filed suit against Lutich seeking a declaratory judgment sustaining his fee title, a removal of any cloud on the title created by Lutich, an injunction against Lutich and monetary damages. After a jury trial, judgment was entered in favor of Puett awarding him title to the land and granting the injunction. Lutich appeals. We affirm.

Appellant, Jewel Lutich, claimed an interest in a certain tract of land. Appellee, Nelson Puett, claimed ownership of the same tract. Puett sued Lutich in order to establish true ownership of the land. Lutich's Original Answer contained an allegation that she was not the proper defendant, but that her mother, Mrs. J.V. McAdoo, was the proper party-defendant. Lutich swore to that pleading pursuant to TEX.R. CIV.P. 93. However, Lutich's Third Amended Original Answer, upon which she went to trial, contained no such sworn allegation of improper parties. On the same day the Third Amended Original Answer was filed, Lutich filed a special exception to Puett's petition claiming a deficiency of parties in that the proper defendant was not named. Such instrument was not verified by Lutich.

■ Lutich urges in a single point of error that the trial court erred in proceeding to trial and in entering judgment for Puett because there was a failure to join an essential and indispensable party. TEX.R. CIV.P. 65 states:

> Unless the substituted instrument shall be set aside on exceptions, *the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause,* unless some error of the court in deciding upon the necessity of the amendment, or otherwise in superseding it, be complained of, and exception be taken to the action of the court, or unless it be necessary to look to the superseded pleading upon a question of limitation. (Emphasis ours)

Lutich's live pleadings do not contain the verified plea as required under TEX.R. CIV.P. 93. Once an original pleading is superceded by an amended petition, the original no longer constitutes a pleading in the case. *Drake Insurance Company v. King,* 606 S.W.2d 812 (Tex.1980); TEX.R. CIV.P. 65. Lutich has, therefore, waived any complaint of a defect of parties. *See Sunbelt Construction Corporation, Inc. v. S & D Mechanical Contractors, Inc.,* 668 S.W.2d 415 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

■ The court, in a nunc pro tunc order, overruled Lutich's special exception to Puett's pleading. Because Lutich's pleadings upon which she went to trial lacked the required verification, the trial court did not err in overruling the exception. *Sunbelt Construction Corporation, Inc. v. S & D Mechanical Contractors, Inc.,* supra; *See also Hollar v. Jowers,* 310 S.W.2d 721 (Tex.Civ.App.—Eastland 1958, writ ref'd n.r.e.). Moreover, we note that the Supreme Court has recently stated in *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex.1982) that:

> [I]t would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined.

The point of error is overruled. The judgment of the trial court is affirmed.