Houston v. Houston















NUMBER 13-02-00142-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

JODY HOUSTON,                                                                         Appellant,

v.

DANIEL WARREN HOUSTON,                                                     Appellee.
                                                                                                                       

On appeal from the 28th District Court of Nueces County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Justices Hinojosa, Castillo, and Chavez



Memorandum Opinion by Justice Hinojosa

          Appellee, Daniel Warren Houston, sued his ex-wife, appellant, Jody Houston, for
reimbursement for repairs made to a house jointly owned by the parties. After both parties
filed motions for summary judgment, the trial court granted Daniel’s motion and denied
Jody’s motion. In two issues, Jody contends the trial court erred in granting Daniel’s
motion for summary judgment and denying her motion for summary judgment. We modify
the trial court’s summary judgment and, as modified, affirm.
A. Background and Procedural History
          The parties were divorced on December 18, 1997. The divorce decree provides,
in relevant part:
IT IS ORDERED that DANIEL WARREN HOUSTON is obligated to pay and
shall pay as child support any and all debt secured with a lien on the property
located at 1015 Luxor, Corpus Christi, Texas including the house payment
(principal, interest, taxes, and insurance) of approximately $2,525.35 per
month payable on the first day of each month to G.E. Capitol Mortgage
Services and a home improvement loan of approximately $865.00 payable
on the first day of each month to Federal Diversified Services and First
Community Bank, N.A.
 
IT IS ORDERED AND DECREED that the wife, JODY HOUSTON, is
awarded the following . . . [E]xclusive use and possession of the following
real property until such time as the property is sold pursuant to the provisions
set forth below, including but not limited to any escrow funds, prepaid
insurance, utility deposits, keys, house plans, home security access code,
garage door opener, warranties and service contracts, and title and closing
documents: 
 
Lot 4, Block 4, PHAROAH VALLEY NORTHEAST, a
Subdivision of the City of Corpus Christi, Texas, as shown by
the map or plat thereof recorded in Volume 26, Page 65, Map
Records of Nueces County, Texas. ******SEE BELOW****** 
Jody Houston is to pay all utilities, maintenance, repair and
upkeep on 1015 Luxor until it is sold.
 
IT IS FURTHER ORDERED AND DECREED that the property and all
improvements . . . more commonly known as 1015 Luxor, Corpus Christi,
Nueces County, Texas, shall be sold under the following terms and
conditions:
 
1.       The parties shall attempt to sell the property by listing it with a duly
licensed real estate broker.
2.       The parties agree to accept offers as set forth in a letter of agreement
which has been executed in duplicate originals by the parties dated
12-16 and 12-18, 1997 and incorporated herein by reference.
3.       Respondent shall continue to make all payments of principal, interest,
taxes, and insurance on the property during the pendency of the sale,
and Petitioner shall have the exclusive right to enjoy the use and
possession of the premises until closing.
4.       Net proceeds or net losses shall be distributed fifty percent to each
party. Net proceeds are defined as the gross sales price less cost of
sale and full payment of any mortgage indebtedness or liens on the
property.
 
          In July 2000, Jody and the children ceased living in the house at 1015 Luxor. In
September 2000, Daniel returned from Russia and learned from the listing realtor that the
house was no longer in “salable condition” and needed repairs. Despite requests to do so,
Jody neither made the necessary repairs nor paid for any repairs. Daniel paid $11,038.50
to have the house repaired so it could be sold.
          The house was sold on March 29, 2001, to Barry and Jackie Abels. On the day of
closing, Daniel sued Jody to recover the repair costs. Jody filed a motion for summary
judgment, asserting the affirmative defenses of waiver and estoppel by contract. Daniel
also filed a motion for summary judgment. The trial court considered both motions, denied
Jody’s motion and granted Daniel’s motion. The summary judgment awarded Daniel
$11,038.50 for the repairs plus interest, attorney’s fees, and court costs.
B. Standard of Review
          We review the granting of a traditional motion for summary judgment de novo. See
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Tex. Commerce Bank Rio
Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.–Corpus Christi 2000, pet.
denied). To prevail, the moving party has the burden of showing that there is no genuine
issue of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ.
P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). In deciding
whether there is a genuine issue of material fact, evidence favorable to the nonmovant will
be taken as true, and all reasonable inferences made, and all doubts resolved, in his favor. 
Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). Summary judgment is
proper if the movant disproves at least one element of each of the plaintiff’s claims or
affirmatively establishes each element of an affirmative defense to each claim. Id. A
defendant moving for summary judgment on an affirmative defense has the burden to
conclusively establish that defense. Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529,
530 (Tex. 1997).
          When, as here, both sides move for summary judgment and the trial court grants
one motion and denies the other, the reviewing court should review the summary judgment
evidence presented by both sides and determine all questions presented. Commissioners
Court of Titus County v. Agan, 940 S.W.2d 77, 81 (Tex. 1997); Jones v. Strauss, 745
S.W.2d 898, 900 (Tex. 1988). If reversing, the reviewing court should render such
judgment as the trial court should have rendered. Agan, 940 S.W.2d at 81; Strauss, 745
S.W.2d at 900. 
C. Evidence Presented
          In support of her motion, Jody attached the following summary judgment evidence: 
(1) excerpts and exhibits from Daniel’s deposition; (2) various closing documents from the
sale of the house to Barry and Jacqueline Abels; and (3) excerpts from the deposition of
Carolyn E. Sebbert, vice-president of Stewart Title of Corpus Christi.
          In support of his motion, Daniel attached the following summary judgment evidence:
(1) the Final Decree of Divorce; (2) receipts for the repairs Daniel made to the house; (3)
various photographs, together with a handwritten inventory depicting what each photograph
represents; (4) affidavit of Keith Gould; (5) affidavit of Barry Abels; (6) excerpts from the
depositions of Jody, Sherry Hilton, and Carol Sebbert; and (7) affidavit of Jody’s attorney,
Allan L. Yaffe, regarding attorney’s fees.
          In response to Daniel’s motion, Jody presented the following evidence: (1) her
amended answer; (2) her affidavit and exhibits of various closing documents; and (3)
affidavit of her attorney, Robert L. Ramey.
D. Jody’s Motion for Summary Judgment
          In her second issue, Jody contends the trial court erred in denying her motion for
summary judgment because she established each element of the affirmative defenses of
waiver and estoppel by contract, thereby barring any recovery by Daniel. Specifically, Jody
contends Daniel waived his right to reimbursement and is estopped from seeking
reimbursement because he signed the “HUD-1 Settlement Statement” at the closing of the
sale of the house to the Abels. Jody asserts that by signing the settlement statement,
Daniel acknowledged it was true and correct. Line 1303 of the statement states: “Repairs
to Sunshine Painting Co. $2,168.40 [paid from Seller’s Funds].”
          Waiver is the intentional relinquishment of a known right or intentional conduct
inconsistent with claiming that right. Pena v. State Farm Lloyds, 980 S.W.2d 949, 958
(Tex. App.–Corpus Christi 1998, no pet.); Herschbach v. City of Corpus Christi, 883
S.W.2d 720, 736 (Tex. App.–Corpus Christi 1994, writ denied). It is a voluntary act and
implies an election to dispense with something of value or to forego some advantage that
might have been demanded or insisted upon. Pena, 980 S.W.2d at 958; Herschbach, 883
S.W.2d at 736. Without an express renunciation of a known right, a waiver will not be
presented or implied contrary to the intention of the party whose rights would be injuriously
affected thereby, unless by his conduct the opposite party has been misled to his prejudice
into an honest belief that the waiver was intended or assented to. Pena, 980 S.W.2d at
958; Herschbach, 883 S.W.2d at 736.
          Estoppel by contract is a form of quasi estoppel based on the proposition that a
party to a contract will not be permitted to take a position inconsistent with its provisions
to the prejudice of another. Hawn v. Hawn, 574 S.W.2d 883, 886 (Tex. Civ. App.–Eastland
1978, writ ref'd n.r.e.); United Fid. Life Ins. Co. v. Fowler, 38 S.W.2d 128, 131 (Tex. Civ.
App.–Dallas 1931, writ dism'd w.o.j.). The rule is not one of estoppel, as estoppel in pais,
but is just another way of saying that a party is bound by the terms of a contract unless it
is void or is annulled or set aside in some way. Stevens v. State Farm Fire & Cas. Co., 929
S.W.2d 665, 672 (Tex. App.–Texarkana 1996, writ denied). 
          We have reviewed the record, including the “HUD-1 Settlement Statement.” We find
nothing indicating Daniel took a position inconsistent with the settlement statement’s
provisions by suing Jody for reimbursement or intentionally relinquished his right to seek
reimbursement. The settlement statement pertains to a transaction between the Abels, as
buyers, and the Houstons, as sellers. It does not purport to pertain to any dispute between
the Houstons regarding their divorce decree. Line 1303 simply states that the cost of
certain repairs were to be paid by the Houstons. We hold Jody has failed to conclusively
establish the affirmative defenses of waiver or estoppel by contract. Jody’s second issue
is overruled. 
 
E. Daniel’s Motion for Summary Judgment
          In her first issue, Jody generally complains the trial court erred in granting Daniel’s
motion for summary judgment. Specifically, Jody contends: (1) she was excused from her
obligation to make repairs and that she could have made the necessary repairs for less
money; (2) the summary judgment should be reversed because she was unable to match
the photograph exhibits with the inventory list attached to the motion; and (3) the trial court
erred in awarding attorney’s fees.
1. House Repairs
          Jody contends she was excused from her obligation to make repairs because Daniel
wrongfully deprived her of the exclusive possession and control of the house. Jody asserts
she could have made the necessary repairs for less money. However, Jody did not raise
these issues in her response to Daniel’s motion for summary judgment.
          Issues a non-movant contends avoid the movant’s entitlement to summary judgment
must be expressly presented by written answer to the motion or by other written response
to the motion and are not expressly presented by mere reference to summary judgment
evidence. See McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex.
1993); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). 
Issues not expressly presented to the trial court by written motion, answer or other
response shall not be considered on appeal as grounds for reversal. See Tex. R. Civ. P.
166a(c).
          We hold these issues are not preserved for appellate review. The first part of Jody’s
first issue is overruled.
 
2. Photograph Exhibits
          Jody contends the summary judgment should be reversed because she was unable
to match the photograph exhibits with the inventory list attached to the motion. Jody
objected to the photographs and inventory list in her written response to Daniel’s motion
for summary judgment, and orally at the hearing. However, the record reflects Jody failed
to obtain a ruling on her objection, as required by article 33.1 of the rules of appellate
procedure. See Tex. R. App. P. 33.1.
          The general rule is that a party asserting an objection to evidence must obtain a
ruling on that objection to preserve error. Tex. R. App. P. 33.1(a)(2). There is no written
ruling regarding Jody’s objection to Daniel’s summary judgment evidence. The failure to
obtain written rulings on objections to summary judgment evidence waives the issue,
unless the record reflects an implicit ruling by the trial court. Jones v. Ray Ins. Agency, 59
S.W.3d 739, 752-53 (Tex. App.–Corpus Christi 2001, pet. denied); see Tex. R. App. P.
33.1(a)(2)(A) (trial court must either expressly or implicitly rule on an objection in order for
a complaint to be preserved for our review). For there to be an "implicit" ruling as intended
by rule 33.1(a)(2)(A), there must be something in the summary judgment order or the
record to indicate that the trial court ruled on the objections, other than the mere granting
of the motion for summary judgment. Jones, 59 S.W.3d at 753. 
          We find no evidence in the record showing that the court implicitly ruled on Jody’s
objections to the photographs and inventory list. The trial court’s summary judgment says
that the court “considered the pleadings and official records on file in this cause, the
evidence, and the argument of counsel.” Although, the summary judgment says the trial
court considered “the evidence,” we cannot ascertain if the trial court considered the
photographs and inventory list. Without something in the summary judgment or the record
to indicate that the trial court ruled on the objections, we cannot conclude that the trial court
implicitly overruled Jody’s objection to Daniel's summary judgment evidence. The second
part of Jody’s first issue is overruled.
3. Attorney’s Fees
          Jody contends the trial court erred in awarding attorney’s fees to Daniel because the
affidavits filed in support of those fees are conclusory and contradicted. Jody also
contends the trial court erred in awarding unconditional attorney’s fees for appeal.
a. Supporting Affidavits
          A summary judgment may be granted for attorney’s fees where an uncontradicted
affidavit shows that the affiant is qualified to express an opinion as to the reasonableness
of the fee and sets forth the basis for such an opinion. Himes v. Am. Fence Co., 379
S.W.2d 290, 291 (Tex. 1964); Gen. Elec. Supply Co. v. Gulf Electroquip, Inc., 857 S.W.2d
591, 601 (Tex. App.–Houston [1st Dist.] 1993, writ denied); see Sunbelt Constr. Corp., Inc.
v. S & D Mech. Contractors, Inc., 668 S.W.2d 415, 418 (Tex. App.–Corpus Christi 1983,
writ ref’d n.r.e.).
          The affidavit of Daniel’s attorney, Alan L. Yaffe, states he has been licensed to
practice law in the State of Texas for approximately thirty years. Attached to the affidavit
are eleven pages of invoices detailing the time Yaffe spent on the case. Yaffe states in the
affidavit that he charged Daniel his standard hourly rate of $180 per hour, which is
reasonable and necessary. In response to Yaffe’s affidavit, Jody’s attorney, Robert L.
Ramey, filed an affidavit stating that $125 per hour was a reasonable rate for attorney’s
fees and that much of the billable time reflected in Yaffe’s invoices was unnecessary for
Daniel’s representation.
          We note that Ramey did not say in his affidavit that $180 per hour was
unreasonable, nor did he specify what charges in Yaffe’s invoices were not necessary for
Daniel’s representation. Moreover, Ramey’s testimony was conclusory in nature. See,
e.g., Karen Corp. v. Burlington N. & Santa Fe R.R. Co., 107 S.W.3d 118, 126 (Tex.
App.–Fort Worth 2003, pet. denied).
          We hold that Jody failed to raise a material fact issue regarding the reasonableness
and necessity of Daniel’s attorney’s fees. We overrule that portion of the third part of
Jody’s first issue relating to the affidavits filed in support of Daniel’s attorney’s fees. 
b. Attorney’s Fees for Appeal
          The trial court’s summary judgment provides, in relevant part, as follows:
NINETEEN THOUSAND EIGHTY-ONE DOLLARS AND 38/100 ($19,081.38)
as attorney’s fees; if Defendant does not appeal this judgment to the Court
of Appeals and time for appeal to that Court has expired, then Defendant
shall be entitled to a remitter [sic] of ($5,000.00) against the judgment for
attorney’s fees; and, if Defendant does not appeal from the Court of Appeals
to the Supreme Court of Texas and time for appeal has expired, then
Defendant shall be entitled to a remitter [sic] of ($5,000.00) against the
judgment for attorney’s fees.
 
          A trial court may not grant a party an unconditional award of appellate attorney’s
fees. Pickett v. Keene, 47 S.W.3d 67, 78 (Tex. App.–Corpus Christi, 2001, no pet.). To do
so penalizes a party for pursuing a meritorious appeal. Id. An appellee is not entitled to an
award of appellate attorney’s fees for that portion of fees attributable to an unsuccessful
defense of the case. Id. 
          In the instant case, the trial judge awarded Daniel attorney’s fees in the amount of
$5,000 if the summary judgment was appealed to this Court, and an additional $5,000 if this
Court’s judgment is appealed to the Supreme Court of Texas. Neither of these awards was
conditioned on the success of the appeals. Accordingly, we hold that the trial court erred
in awarding unconditional appellate attorney’s fees.
          An error in awarding unconditional attorney’s fees is harmless if the appellant has
been ultimately unsuccessful in its appeal. Id. at 79; Farmers Ins. Co. v. Cameron, 24
S.W.3d 386, 401 (Tex. App.–Dallas 2000, pet. denied). Because Jody has been
unsuccessful in her appeal to this Court, we conclude that any error in the trial court’s award
of attorney’s fees in the event of an appeal to this Court is harmless. We overrule that
portion of the third part of Jody’s first issue relating to the unconditional award of attorney’s
fees in the event of an appeal to the court of appeals.
          However, the trial court’s award of attorney’s fees of $5,000 if Jody appeals from this
Court’s judgment is not conditioned upon the success of an appeal to the Supreme Court
of Texas. We conclude the trial court’s judgment should be modified to reflect that Daniel
is entitled to such attorney’s fees only in the event of an unsuccessful appeal by Jody to the
Supreme Court of Texas. See Pickett, 47 S.W.3d at 79. We sustain that portion of the third
part of Jody’s first issue relating to the unconditional award of attorney’s fees in the event
of an appeal to the Supreme Court of Texas.
          We modify the trial court’s summary judgment to reflect that if Jody appeals this
Court’s judgment to the Supreme Court of Texas and the appeal is unsuccessful, then
Daniel shall recover attorney’s fees in the amount of $5,000. As modified, the trial court’s
summary judgment is affirmed.
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice
 
Retired Justice Melchor Chavez not participating.
Opinion delivered and filed this the
26th day of February, 2004.