

# NUMBER 13-20-00366-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RASE FORWARDING, LLC AND
GARALON INVESTMENTS, LLC,                          Appellants,

v.

EULER HERMES NORTH AMERICAN
INSURANCE COMPANY,                                 Appellee.

## On appeal from the 93rd District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Longoria**

Appellants Rase Forwarding, LLC (Rase) and Garalon Investments, LLC (Garalon) bring this restricted appeal from an amended final judgment setting aside a transfer of real property between Rase and Garalon, among other things. By three issues Rase and

Garalon argue that they established the elements for a restricted appeal to vacate the amended final judgment because the trial court erred by: (1) granting appellee Euler Hermes North American Insurance Company's (Euler) default judgment when Rase and Garalon made appearances in the case and were not provided with notice of the hearing on Euler's default judgment; (2) striking Rase's and Garalon's respective answer without first providing them an opportunity to hire counsel and amend their pleadings; and (3) awarding Euler attorney's fees without evidence to support such an award. We reverse and remand.

## I.    BACKGROUND

On September 5, 2019, Euler sued Rase and Garalon under the Texas Uniform Fraudulent Transfer Act, *see* TEX. BUS. & COM. CODE ANN. ch. 24 *et seq*., in connection with the transfer of real property, located in Hidalgo County, Texas, between Rase and Garalon. On September 10, 2019, Garalon was served with Euler's original petition. On September 27, 2019, Euler filed its first amended petition. On September 30, 2019, Rase and Garalon filed a document titled "Defendants['] Original Answer," which contained a general denial, a request for judgment in their favor, and an award of court costs, which was signed by Arturo Garcia, in his corporate capacity, on behalf of Rase, and Bertha Alonso, in her corporate capacity, on behalf of Garalon. On October 3, 2019, Rase was served through the Texas Secretary of State with Euler's first amended petition.

On October 15, 2019, Euler filed a "Motion to Show Cause/Authority" asserting that because Garcia and Alonso signed their names to an answer on behalf of Rase,[1] and

---

[1] We note that while Euler only moved to strike Rase's answer in its motion to show cause/authority, the trial court nonetheless struck the document filed on September 30, 2019, in its order,

2

neither is an attorney their representation constitutes the unauthorized practice of law. Euler also requested that the trial court strike the pleading. On December 17, 2019, the trial court held a hearing on Euler's motion; Euler was present, but Rase and Garalon were not. On December 17, the trial court signed an order striking the September 30, 2019 pleading filed by Rase and Garalon.

On January 21, 2020, Euler filed a motion for default judgment, and on February 3, 2020, the trial court signed an order setting the hearing on Euler's motion for February 21, 2020. At the default judgment hearing, Euler appeared, but Rase and Garalon did not. The trial court signed an amended final judgment in favor of Euler, setting aside the transfer of real property from Rase to Garalon, enjoining Rase from transferring the real property unless it receives reasonably equivalent value in exchange of the transfer of the real property, deeming the real property subject to seizure and sale and to any other remedy available to a creditor as provided by law and equity, awarding Euler attorney's fees, court costs, and post-judgment interest against Rase and Garalon, disposing of all matters between the parties, and denying all relief not expressly granted. This restricted appeal ensued.

## II. RESTRICTED APPEAL

To prevail on a restricted appeal, Rase and Garalon must establish that: (1) they filed notice of a restricted appeal within six months after the judgment was signed; (2) they were parties to the underlying lawsuit; (3) they did not participate in the hearing that resulted in the complained-of judgment and did not timely file any post-judgment motions

---

which listed both Rase and Garalon in the signature block.

or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (holding that although the first three requirements are jurisdictional, the fourth is not); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Ex parte Vega*, 510 S.W.3d 544, 547 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.013; TEX. R. APP. P. 25.1, 26.1(c), 30. As the first three requirements are jurisdictional, if they are not met, we may not consider the appeal. *See Ex parte E.H.*, 602 S.W.3d at 495; *see also Morales v. Marquis*, No. 13-12-00407-CV, 2013 WL 2298469, at *1 (Tex. App.—Corpus Christi–Edinburg May 23, 2013, no pet.) (mem. op.).

## A.    Standard of Review for a Restricted Appeal

A restricted appeal is a direct attack on a judgment. *Autozone, Inc. v. Duenes*, 108 S.W.3d 917, 919 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.); *see also Norman Comm. v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997). We limit our review in a restricted appeal to the face of the record. *See Ex parte Vega*, 510 S.W.3d. at 547. Error that is merely inferred from the record will not suffice. *See Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009) (per curium). The "face of the record" consists of all papers that were before the trial court at the time it rendered judgment. *See Ex parte Vega*, 510 S.W.3d at 547. We will reverse only if the decision, on its face, "probably caused the rendition of an improper judgment." *Guadalupe Econ. Servs. Corp. v. Dehoyos*, 183 S.W.3d 712, 715 (Tex. App.—Austin 2005, no pet.) (citing TEX. R. APP. P. 44.1). An appellant who alleges error apparent on the face from the record due to the absence of notice carries a heavy burden because the record will not usually show affirmative proof

4

of the error claimed. *See Gen. Elec. Co. v. Falcon Ridge Apts.*, 811 S.W.2d 942, 943–94 (Tex. 1991); *see also Int. of J.A.M.*, No. 13-18-00494-CV, 2019 WL 3721350, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 8, 2019, no pet.) (mem. op.).

## B.    Second and Third Requirements

There is no dispute that Rase and Garalon established the second and third requirements of a restricted appeal. As to the second, Rase and Garalon were parties to the underlying lawsuit. *See* TEX. R. APP. P. 25.1, 30; *Ex parte E.H.*, 602 S.W.3d at 495. As to the third requirement, their defective answer, which included a general denial, does not constitute participation. *See Ex parte Vega*, 510 S.W.3d at 547 (holding that appellant met the non-participation requirement because even though it filed an answer, it did not participate in the hearing on appellee's petition that resulted in the expunction order); *Schulz v. Schulz*, 726 S.W.2d 256, 258 (Tex. App.—Austin 1987, no writ) (holding that appearance does not preclude appeal by writ of error); *Sunbelt Const. Corp. v. S & D Mech. Contractors, Inc.*, 668 S.W.2d 415, 417 (Tex. App.—Corpus Christi–Edinburg 1983, writ ref'd n.r.e.) (holding that defendant's actions of filing of general denials did not participate to such an extent that they are now precluded to appeal by writ of error on a non-participation ground). Finally, the record does not contain any post-judgment motions or requests for findings of fact and conclusions of law. *See* TEX. R. APP. P. 25.1, 30; *Ex parte E.H.*, 602 S.W.3d at 495. The second and third requirements have been met.

## C.    First Requirement

Rase and Garalon argue that their notices of appeal were timely filed because they were filed within six months of the amended final judgment. Euler responds that Rase

and Garalon filed untimely notices of appeal because they were filed in the trial court on the 181st day and in the court of appeals on the 182nd day, and that six months in a restricted appeal should mean 180 days.

In a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.013; TEX. R. APP. P. 26.1(c); *see also Ex parte F.T.K.*, No. 13-16-00535-CV, 2018 WL 2440545, at *2 (Tex. App.—Corpus Christi–Edinburg May 31, 2018, no pet.) (mem. op.) (explaining that for a restricted appeal we count the number of months, not the number of days). Here, the record reflects that Rase and Garalon each timely filed their notice of restricted appeal because the trial court signed the amended final judgment on February 21, 2020, and Rase and Garalon filed their notices of appeal with the trial court on August 20, 2020, which is within the six-month deadline. *See* TEX. R. APP. P. 25.1(a) ("An appeal is perfected when a written notice of appeal is filed with the trial court clerk."); *see also Ex parte F.T.K.*, 2018 WL 2440545, at *2 (finding that the Department of Public Safety (DPS) timely filed its notice of appeal because the court entered the order of expunction on March 11, 2016, and DPS filed its notice of restricted appeal on September 9, 2016, which was before September 12, 2016); *Ex parte Border*, No. 13-17-00113-CV, 2018 WL 2440384, at *2 (Tex. App.—Corpus Christi–Edinburg May 31, 2018, no pet.) (mem. op.) (explaining that DPS filed its notice of restricted appeal within six months after the judgment was signed because the order of expunction was signed on August 18, 2016, and DPS filed its notice of restricted appeal on February 17, 2017). Thus, Rase and Garalon timely filed their notices of appeal, satisfying the first requirement.

6

**D. Fourth Requirement**

In their first issue, Rase and Garalon argue that error is apparent on the face of the record because their due process rights were violated when the trial court signed the amended final judgment without first being provided notice of the default judgment hearing. Specifically, Rase and Garalon argue that they made general appearances which entitled them to notice of the hearing, and the striking of their answer does not negate their appearance to merit a default judgment. Euler responds that there is no error apparent on the face of the record because any determination of lack of notice would require this Court to make an inference.

**1. Defective Answer**

Although a party's answer omits certain formalities required by the Texas Rules of Civil Procedure, it does not render the answer ineffective so as to entitle the plaintiff to a default judgment. *See R.T.A. Int'l v. Cano*, 915 S.W.2d 149, 151 (Tex. App.—Corpus Christi–Edinburg 1996, writ denied) (finding that a stricken answer did not merit a default judgment); *see also Knox v. Long*, 257 S.W.2d 289, 303 (Tex. 1953), *overruled in part by Jackson v. Hernandez*, 285 S.W.2d 184 (Tex.1955) (explaining in dicta that "[i]n the case of a disobedient defendant where answer on the merits of the case has been stricken, a default judgment may not be taken, but the plaintiff must discharge his burden of showing his right to recovery."); *Home Grown Design, Inc. v. S. Texas Milling, Inc.,* No. 13-07-00646-CV, 2008 WL 2744795, at *2 (Tex. App.—Corpus Christi–Edinburg July 3, 2008, no pet.) (mem. op.).

Here, the trial court appropriately struck Rase's and Garalon's answer because the

answer was filed by non-lawyers, Garcia and Alonso. *See Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (per curium) ("Generally[,] a corporation may be represented only by a licensed attorney. . . ."); *see also Home Grown Design, Inc*, 2008 WL 2744795, at *2. However, Rase's and Garalon's answer, although defective, is sufficient to avoid a default judgment. *See Cano*, 915 S.W.2d at 151; *Handy Andy, Inc. v. Ruiz*, 900 S.W.3d 739, 742 (Tex. App.—Corpus Christi–Edinburg 1994, writ denied). Specifically, as Rase and Garalon contend, their answer, although defective, constitutes a general appearance because it: (1) did not challenge jurisdiction over them; (2) prayed for the trial court to enter judgment in their favor and award costs of court; and (3) recognized that the action was properly pending as it denied all of Euler's allegations. *See Exito Electronics Co., Ltd. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004) (per curium) (explaining that "[a] party enters a general appearance when he (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by his acts that an action is properly pending, or (3) seeks affirmative action from the court."); *Grynberg v. M-I L.L.C.*, 398 S.W.3d 864, 879 (Tex. App.—Corpus Christi–Edinburg 2012, pet. denied); *see also Quality Truck Parts, Inc. dba Worldwide Diesel v. Circle K Constr., LLC*, No. 10-18-00111-CV, 2018 WL 5840057, at *2 (Tex. App.—Waco 2018, no pet.) (mem. op.) (finding a pro se response not void, which was filed by a representative of the corporation, but rather to be a general appearance). Moreover, an answer, even a defective one, constitutes an appearance. *See* TEX. R. CIV. P. 121 ("An answer shall constitute an appearance. . . ."); *Baker v. Monsanto, Co.*, 111 S.W.3d 158, 160 (Tex. 2003) (explaining the plaintiff's answer constituted a general

8

appearance); *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 589 (Tex. App.—Corpus Christi–Edinburg 1994, no writ.) (noting that an amended answer constitutes an appearance); *see also Wuxi Taihu Tractor Co., Ltd. v. York Group, Inc.,* No. 01-13-00016-CV, 2014 WL 6792019, at *10 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (mem. op.).

### 2. Notice

Because we hold that Rase's and Garalon's answer constituted an appearance, we next determine whether they were entitled to notice of the default judgment hearing. *See LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989); *see also Int. of J.A.M.,* 2019 WL 3721350, at *3. It is a basic tenet of jurisprudence that the law abhors a default. *Hock v. Salaices*, 982 S.W.2d 591, 593 (Tex. App.—San Antonio 1998, no pet). Default judgments generally fit into two categories of no-answer and post-answer, but other variations exist, such as a post-appearance default judgment. *See Paradigm Oil, Inc. v. Retamco Oper., Inc.*, 372 S.W.3d 177, 184 (Tex. 2012); *LBL Oil Co.*, 777 S.W.2d at 390; *see generally*, *Boyes v. Morris Polich & Purdy, LLP*, 169 S.W.3d 448, 452 (Tex. App.—El Paso 2005, no pet). Notice of a default judgment hearing must be provided to be entitled to a post-appearance default judgment. *See LBL Oil Co.*, 777 S.W.2d at 390–91 (reversing judgment in a post-appearance default judgment case where no actual or constructive notice of the dispositive hearing, a default judgment hearing, was shown in the record); *Xenos Yuen v. Fisher*, 227 S.W.3d 193, 198–99 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (explaining that appellee's special appearance constituted an "appearance" sufficient to entitle him to notice of the default judgment

hearing); *see also Tatum v. Landry*, No. 05-92-00518-CV, 1992 WL 186267 *2 (Tex. App.—Dallas 1992, no pet.) (mem. op.).

Rase and Garalon argue that the trial court's order setting the hearing on Euler's motion for default judgment shows that that they were not provided notice. While we acknowledge that only Euler's counsel is expressly copied on the order, Rase and Garalon's omitted contact information does not affirmatively show that Rase and Garalon were not sent notice of the default judgment hearing. *See Alexander*, 134 S.W.3d at 850 (finding that the fact that the record is silent about the sending of notices under Texas Rule of Civil Procedure 165a does not establish error); *Ginn*, 282 S.W.3d at 433 (explaining in the context of a dismissal for want of prosecution that "[a]bsence of proof in the record that notice was provided does not establish error on the face of the record."). Rase and Garalon also argue that the lack of a notation or comment on the docket sheet regarding notice of the default judgment hearing being provided to them shows error on the face of the record, but silence does not establish error. *See Ginn*, 282 S.W.3d at 433.

However, the trial court must provide 45-days notice of a default judgment hearing, *see Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 659–60 (Tex. App.—San Antonio 2002, no pet.), if the default judgment hearing is effectively a trial setting. *See* TEX. R. CIV. P. 245 (providing that "[t]he court may set contested cases on written request of any party, or on the court's own motion with reasonable notice of not less than forty-five days to the parties of a first setting for trial. . . ."); *LBL Oil Co.*, 777 S.W.2d at 390–91 (recognizing a default judgment hearing as effectively a trial setting); *Coastal Banc SSB v. Helle*, 48 S.W.3d 796, 801 (Tex. App.—Corpus Christi–Edinburg, 2001, pet. denied)

10

("A default judgment hearing is a trial setting as it is dispositive of the case.").

Accordingly, we find that there is error apparent on the face of the record because the order setting the hearing on Euler's default judgment was signed on February 3, 2020, and the default judgment hearing was held 19 days later, on February 21, 2020, which is less than the required 45 days. *See* TEX. R. CIV. P. 245; *see also Blanco v. Bolanos*, 20 S.W.3d 809, 811–12 (Tex. App.—El Paso 2000, no pet.) (explaining in a post-answer default judgment case that appellee violated Texas Rule of Procedure 245 because he filed his setting request a mere fifteen days prior to the final hearing); *Morales*, 2013 WL 2298469, at *2 (setting aside a post-answer default judgment where notice was not given in compliance with Texas Rule of Civil Procedure 245). Therefore, we sustain Rase and Garalon's first issue.[2]

### III.    CONCLUSION

We reverse the judgment of the trial court, vacate the default judgment, and remand for proceedings consistent with this memorandum opinion.

NORA L. LONGORIA
Justice

Delivered and filed on the
26th day of August, 2021.

---

[2] Because issue one is dispositive, we need not consider issues two and three. *See* TEX. R. APP. P. 47.1.

11