**Opinion issued December 18, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00456-CV

————————————

**LONG Q. PHAM AND THAO M. SILVA, Appellants**

**V.**

**HARRIS COUNTY RENTALS, L.L.C., Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-20256**

---

## O P I N I O N

After a bench trial, the trial court foreclosed a subcontractor's materialman's lien and awarded a retainage claim to the subcontractor against the landowners when the landowners' contractor failed to pay the subcontractor. The trial court

also entered a default judgment against the landowner/wife on the basis of her failure to answer or appear despite the answer and appearance of the landowner/husband, who represented himself. In five issues on appeal, we consider whether the trial court erred in (1) failing to make findings of fact; (2) dismissing appellants' affirmative defense; (3) finding that the materialman's lien had been validly perfected; (4) rendering a default judgment against the landowner/wife based on her failure to answer or appear; and (5) awarding attorney's fees and costs to the subcontractor. We affirm.

## BACKGROUND

Appellants Pham and Silva are husband and wife and the owners of an unimproved piece of land located at 10490 Huffmeister Road, Houston, Texas 77065. Both Pham and Silva are hairdressers who are not in the business of construction. Sometime before Thanksgiving 2009, Pham entered into an oral contract with Richard Neal ["Neal"] doing business as Unicom General Contractors *also* known as Southern Construction Group, to clear the Land. Neal hired several subcontractors, including Harris County Rentals, to provide equipment, such as a forklift, a bulldozer, and an excavator. Pursuant to the contract, Neal charged Pham a fixed price of $50,174.50 for all the work.

As a part of the process for obtaining a commercial loan from a bank for the construction of a commercial building on the land, Pham spoke with the bank's

2

employee, Kevin Tran, who asked to do a background check on Neal before the bank would agree to loan Pham any money. Tran warned Pham that Neal's business names "Unicon" and "Southern Construction Groups" did not exist, and recommended that Pham obtain a lien waiver form for Pham to use whenever he paid his contractors. In addition, Tran also advised Pham to retain funds from Neal for a while before Pham made a final payment to Neal.

In accordance with Tran's advice, Pham asked for a signed lien waiver each time he paid Neal. By February 4, 2013, Pham had paid Neal $41,000.00, retaining $9,174.50, or 18 percent (18%) of the total contract price. On March 3, 2010, Neal came to Appellants' salon and demanded payment. Pham knew he had to hold on to the retained funds for a while. Because Neal visited appellants at their workplace several times, Silva got scared and asked Pham to hurry up and pay Neal so that he would leave. Pham paid $9,174.50 as final payment to Neal with a check dated March 3, 2010, that contained the words "Final Payment with Southern Const." written in the memo section. Altogether, Appellants made four periodic payments to Neal totaling $50,174.50.

Harris County Rentals was a subcontractor Neal had hired to lease and deliver equipment to the worksite. Harris County Rentals completed its portion of the job on January 15, 2010, and invoiced Neal for a total amount of $8,226.33. After Neal failed to pay Harris County Rentals the full amount owed to it, Harris

County Rentals sent a notice of claim to Pham on March 19, 2010. On April 27, 2010, Harris County Rentals filed a lien affidavit in the public records of Harris County, Texas. On the same day, Appellee sent a copy of the filed lien affidavit to Neal, Pham and Silva by certified, mail return receipt requested. Both came back unclaimed.

On April 1, 2011, Harris County Rentals sued Neal, Pham, and Silva. Pham filed an Original Answer purporting to represent both himself and Silva by virtue of the use of the words "we," "our," and "us" in the pleading. The case proceeded to a bench trial. Pham appeared at trial *pro se*; Silva did not appear.

On February 26, 2013, the trial court rendered judgment that: (1) Silva failed to answer or appeal; (2) Harris County Rentals' claims against Neal were nonsuited; (3) Pham and Silva were jointly and severally liable to Harris County Rentals in the amount of $5,017.45 plus pre-judgment and post-judgment interests; (4) foreclosed Harris County Rentals' lien; (5) authorized the issuance of writs or orders to collect on this Judgment; and (6) awarded $3,000.00 in attorney's fees, plus costs.

On March 28, 2013, Pham and Silva asked the trial court for a new trial along with the statutory findings of facts and conclusions of law. Upon the trial court's failure to issue its findings of facts and conclusions of law, Pham and Silva timely sent the statutory notice of past due findings and conclusions. With no

4

affirmative ruling on their motion for a new trial, the motion was overruled by operation of law. TEX. R. CIV. P. 329(b). This appeal followed.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In their first issue on appeal, Pham and Silva contend the trial "committed reversible error by failing to make required Findings of Fact and Conclusions of Law even though timely requested[.]"

Findings of fact and conclusions of law are required upon request in any case tried in the district or county court without a jury. *Gene Duke Builders, Inc. v. Abilene Hous. Auth.*, 138 S.W.3d 907, 908 (Tex. 2004) (per curiam); *see also* TEX. R. CIV. P. 296, 297. A trial court's failure to make findings is not harmful error if the record before the appellate court affirmatively shows that the complaining party suffered no injury. *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (per curiam). Harm to the complaining party is presumed unless the contrary appears on the face of the record when the party makes a proper and timely request for findings and the trial court fails to comply. *Id.*

However, when there is only a single ground of recovery or a single defense, the appellant suffers no harm because the reason for the trial court's judgment is clear, and the appellate court does not have to guess the reason for the trial court's decision. *Nev. Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.*, 225 S.W.3d 68, 77 (Tex. App.—El Paso 2005, no pet.). On the other hand, when there are multiple

5

grounds for recovery or multiple defenses, an appellant is forced to guess what the trial court's findings were, unless they are provided to him. *Larry F. Smith, Inc. v. The Weber Co. Inc.*, 110 S.W.3d 611, 614 (Tex. App.—Dallas 2003, pet. denied); *Nev. Gold & Silver*, 225 S.W.3d at 77. Putting the appellant in the position of having to guess the trial court's reasons for rendering judgment against him defeats the inherent purpose of Rules 296 and 297. *Larry F. Smith*, 110 S.W.3d at 614; *see also* TEX. R. CIV. P. 296, 297. The purpose of a request under the rules is to "narrow the bases of the judgment to only a portion of [the multiple] claims and defenses, thereby reducing the number of contentions that the appellant must raise on appeal." *Id.* (citing 6 McDonald & Carlson, TEX. CIV. PRAC. § 18:3 (2d ed. 1998)).

Here, the only cause of action asserted against Pham and Silva was for the foreclosure of Harris County Rentals' lien against their property, and the amount of damages claimed was based on Pham's and Silva's failure to retain ten percent of the contract price. Because the suit was based on a single cause of action, Pham and Silva could not have been confused about the potential bases for the trial court's judgment. *See Wood v. Pharia L.L.C.*, No. 01-10-00579-CV, 2010 WL 5060621, at *9 (Tex. App.—Houston [1st Dist.] Dec. 9, 2010, no pet.) ("[W]here, as here, there is only a single ground of recovery or a single defense in the case, an appellant is not harmed by a failure to file findings and conclusions because he is

6

not required to guess the reasons for a trial court's judgment.") As such, error, if any, by the trial court in failing to make findings of fact and conclusions of law was harmless.

Accordingly, we overrule issue one.

## PERFECTION OF LIEN

In their third issue on appeal, Pham and Silva contend that "Appellee did not perfect its lien against appellants as a matter of law since [it] failed to comply with the statutory notice provision of the Texas Property Code."

*Law Applicable to Trapped Funds and Retainage*

Chapter 53 of the Property Code governs mechanic's and materialman's liens. *See* TEX. PROP. CODE ANN. §§ 53.001–.260 (Vernon 1995 & Supp. 2014). A person who provides labor or materials to construct a building or improvement under a contract with the property owner, the owner's agent, or an original contractor is entitled to a lien against that property. TEX. PROP. CODE ANN. § 53.021(a) (Vernon Supp. 2014). A subcontractor is considered a derivative claimant and must rely on his statutory lien remedies. *First Nat'l Bank v. Sledge*, 653 S.W.2d 283, 285 (Tex. 1983) (discussing earlier versions of lien statutes); *Stolz v. Honeycutt*, 42 S.W.3d 305, 310 (Tex. App.—Houston [14th Dist.] 2001, no pet.). A subcontractor may seek recovery from "trapped" funds held by the property owner or funds "retained" by the owner. *Sledge*, 653 S.W.2d

7

at 286; *Stolz*, 42 S.W.3d at 310; *Hadnot v. Wenco Distribs.*, 961 S.W.2d 232, 234 (Tex. App.—Houston [1st Dist.] 1997, no writ). "Trapped" funds are funds not yet paid to the original contractor at the time the property owner receives notice that a subcontractor has not been paid; on receiving such notice, the owner may withhold those funds from the original contractor until the claim is paid or settled or until the time during which a subcontractor may file a lien affidavit has passed. TEX. PROP. CODE ANN. § 53.081 (Vernon 2007); TEX. PROP. CODE ANN. § 53.082 (West 1995); *Stolz*, 42 S.W.3d at 311; *Hadnot*, 961 S.W.2d at 235. "Retained" funds are funds withheld from the original contractor either under a contractual agreement or under section 53.101, which requires a property owner to retain ten percent of the contract price for thirty days after the project is completed. *See* TEX. PROP. CODE ANN. §§ 53.025, .101 (Vernon 2007); *Stolz*, 42 S.W.3d at 311; *Hadnot*, 961 S.W.2d at 234. In this case, Pham made final payment to the contractor, Neal, on March 3, 2010, and Harris County Rentals' notice of lien was not sent to Pham until April 27, 2010, so, as acknowledged by Pham's counsel at trial, "There's no funds trapped . . . we're strictly looking for the retainage."

*No Specific Denial of Conditions Precedent*

With respect to Harris County Rentals' retainage claim, Pham argues that Harris County Rentals did not prove that it complied with section 53.103 of the Texas Property Code. Section 53.103 provides that to perfect a retainage lien, a

8

person must (1) "send the notices required by this chapter in the time and manner required;" and (2) file an affidavit claiming a lien not later than the thirtieth day after the earlier of the date the work is completed, the original contract is terminated, or the original contractor abandons performance under the original contract. TEX. PROP. CODE ANN. § 53.103 (Vernon Supp. 2014). On appeal, Pham argues that Harris County Rentals filed its affidavit on April 27, 2010, more than 30 days after the project was completed on February 23, 2010.

According to Harris County Rentals, however, it was not required to prove that it complied with section 53.103 because, pursuant to Texas Rule of Civil Procedure 54, it pleaded that all conditions precedent had been performed or had occurred. Rule 54 provides:

> In pleading the performance or occurrence of conditions precedent, it shall be sufficient to aver generally that all conditions precedent have been performed or have occurred. When such performances or occurrences have been so plead, the party so pleading same shall be required to prove only such of them as are specifically denied by the opposite party.

TEX. R. CIV. P. 54. In its Original Petition, Harris County Rentals pleaded, "The Plaintiff fully performed all conditions precedent for recovery on said obligation and for recovery of attorney's fees and/or all conditions precedent have occurred for recovery." This language sufficiently placed Pham on notice of Harris County Rentals' claim that all conditions precedent had occurred.

9

Because Harris County Rentals pleaded that all conditions precedent had been performed or occurred, it was required to prove only the conditions precedent that Pham specifically denied. However, Pham did not specifically deny that Harris County Rentals had timely filed its affidavit, thereby perfecting its retainage lien. Pham's Original Answer was a pro se letter to the trial court, in which he asserted that he had paid Neal in full and argued that there had to be some way to protect consumers, and that the matter should be between Harris County Rentals and Neal. This denial, however, is not sufficient.

Texas Rule of Civil Procedure 54 requires the opposing party to specifically deny which conditions precedent have not been performed or have not occurred. *See* TEX. R. CIV. P. 54.; *Gill Sav. Assn. v. Int'l Supply Co., Inc.*, 759 S.W.2d 697, 701 (Tex. App.—Dallas 1988, writ denied); *Sunbelt Constr. Corp. v. S & D Mech. Contractors, Inc.*, 668 S.W.2d 415, 417–18 (Tex. App.—Corpus Christi 1983, writ ref'd n.r.e.). By failing to specifically deny that Harris County Rentals failed to timely file its lien affidavit, Pham waived his right to complain of such failure on appeal. *See Gill*, 759 S.W.2d at 701; *Sunbelt*, 668 S.W.2d at 418.

Accordingly, we overrule Pham's third issue.

### AFFIRMATIVE DEFENSE OF LIEN WAIVER

In his second issue on appeal, Pham contends "the trial court erred by dismissing Appellants' affirmative defense of release and waiver." Specifically,

10

Pham claimed that he had obtained lien waivers signed by Neal, in which Neal, stated as follows:

> The undersigned has been paid and received a final payment in the sum of $_____ for labor, services, equipment, or materials furnished to the Contractor, Owner, or Prime Subcontractor on the above described Project. The undersigned does certify that any and all payments due to third parties on said project for services and/or materials have been paid in full. The undersigned does hereby release pro tanto any mechanic liens, stop notice or bond rights that the undersigned has on said Project.
> Notice: This document waives rights unconditionally and states that you have been paid for giving up those rights. This document is enforceable against you if you sign it, even if you have not been paid. If you have not been paid, use a conditional release form.

Pham contends that he "relied on the notarized affidavit that appellants rightfully requested so that they can move on with their lives." Essentially, Pham contends that this lien waiver, signed by Neal, precluded Harris County Rentals from filing a lien.

We construe this as a sufficiency challenge to the trial court's implied finding that Pham had failed to prove his affirmative defense of release and waiver. In the absence of findings of fact, "the trial court's judgment implies all necessary fact findings in support of the judgment." *Schoeffler v. Denton*, 813 S.W.2d 742, 744 (Tex. App.—Houston [14th Dist.] 1991, no writ). These implied findings may be challenged for legal and factual sufficiency when the appellate record includes the reporter's and clerk's records, as it does here. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

11

*Standard of Review*

A party challenging the legal sufficiency of an adverse finding on an issue upon which it had the burden of proof at trial must establish, as a matter of law, all essential facts in support of the issue. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). The party "must show that there is no evidence to support the factfinder's finding and that the evidence conclusively establishes the opposite of the finding." *Indian Oil Co., LLC v. Bishop Petroleum, Inc.*, 406 S.W.3d 644, 652 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (citing *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001)). A party challenging the factual sufficiency of an adverse finding on an issue on which it had the burden of proof at trial must demonstrate that the finding "is against the great weight and preponderance of the evidence" so as to be clearly wrong and unjust. *Dow Chem. Co.*, 46 S.W.3d at 242.

*Sufficiency of the Evidence to Support Negative Finding on Affirmative Defense*

The record in this case includes three documents entitled "UNCONDITIONAL WAIVER AND RELEASE UPON FINAL PAYMENT," and signed by Neal, stating that "[t]he undersigned does hereby release pro tanto any mechanic liens, stop notice or bond rights that the undersigned has on said Project." In addition, there are several other identical documents signed by other subcontractors on the project. However, there is no document in the record

12

showing that Harris County Rentals executed such a waiver and release. Pham has not provided this Court with any authority for its argument that these releases by other entities somehow serve to also waive Harris County Rentals' right to file a lien. Because Harris County Rentals is not "the undersigned" on any of the releases in the record, the releases cannot be construed as a waiver of its right to file a lien.

Pham points out that under section 53.085(e) of the Property Code, "[a] person signing an affidavit under this section is personally liable for any loss or damage resulting from any false or incorrect information in the [lien release] affidavit." TEX. PROP. CODE ANN. § 53.085 (Vernon Supp. 2014). We agree that Neal might be liable to Pham for damages arising out of any false statement in his signed lien releases, including his statement that "any and all payment due to third parties on said project for services and/or materials have been paid in full." However, any misstatement by Neal in his own lien waiver cannot serve as a basis for waiving Harris County Rentals' lien rights.

After examining the record for evidence that supports the trial court's finding, we hold there is more than a scintilla of evidence to support the trial court's implied finding that Pham did not show that Harris County Rentals released or waived its right to file a lien. Considering and weighing all the evidence, the finding by the trial court is not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust.

13

Accordingly, we overrule issue two.

## DEFAUL JUDGMENT AGAINST SILVA

In issue four, Pham and Silva contend "the trial court erred in rendering a default judgment against Appellant Silva because she had good cause for her mistaken belief that Appellant Pham, her husband, was representing [her] when he timely filed an answer, and represented for both of them at trial *pro se*."

It is undisputed that Silva did not answer or appear at trial. Instead, Pham filed an answer and appeared at trial purportedly on behalf of both. However, Pham is not an attorney and may not act as attorney on behalf of Silva because he is not licensed by the State Bar of Texas. *Martin v. Comm'l Metals Co.*, 138 S.W.3d 619, 622 (Tex. App.—Dallas 2004, no pet.) (holding that one appellant could not represent other appellants, who were minors at time of filing because he was not licensed attorney); *Jimison v. Mann*, 957 S.W.2d 860, 861 (Tex. App.—Amarillo 1997, no writ) (holding that rabbi/reverend who purported to act as next friend of plaintiff could not act as legal counsel because he was not licensed to practice law); *Magaha v. Holmes*, 886 S.W.2d 447, 448 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (holding that plaintiff's mother could not act as his attorney because she was not licensed to practice law).

Nevertheless, Silva contends that she has a meritorious defense under *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939), thereby

14

precluding a default judgment because she was "acting under the mistaken belief that Appellant Pham could represent the couple as a pro se attorney and that his answer was sufficient to prevent default of both Appellants."

However, Silva did not raise this issue in the trial court in her motion for new trial, nor did she and present evidence in support of her claim of a meritorious defense. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 928 (Tex. 2009) (stating motion for new trial "sets up a meritorious defense if it alleges facts which in law would constitute a defense to the plaintiff's cause of action and is supported by affidavits or other evidence providing *prima facia* proof that the defendant has such a defense"). Thus, Silva has failed to preserve error as to this complaint. *See* TEX. R. APP. P. 33.1(a); *see also Gammill v. Fettner*, 297 S.W.3d 792, 802 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding defendant's failure to raise *Craddock* argument in motion for new trial failed to preserve argument for appellate review).

Accordingly, we overrule issue four.

### ATTORNEY'S FEES

In issue five, Pham and Silva contend "the trial court erred in awarding attorney's fees and costs." Specifically, "Appellants ask that if this Court should find that Appellants are just in their arguments [on appeal], this Court should

reverse the costs and attorney's fees judgment."  Having overruled Pham's and Silva's other arguments, we also overrule issue five.

## CONCLUSION

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.