

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00269-CV

MONICA MISCZAK                                                      APPELLANT

V.

DEUTSCHE BANK NATIONAL                                              APPELLEE
TRUST COMPANY, AS TRUSTEE
FOR CDC MORTGAGE CAPITAL
TRUST 2002-HE1, MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2002-HE1

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
## TRIAL COURT NO. 2015-001246-1

----------

## MEMORANDUM OPINION[1]

----------

---

[1]*See* Tex. R. App. P. 47.4.

## I. INTRODUCTION

Appellant Monica Misczak appeals from a forcible entry and detainer judgment entered in favor of Appellee Deutsche Bank National Trust Company, as Trustee for CDC Mortgage Capital Trust 2002-HE1, Mortgage Pass-Through Certificates, Series 2002-HE1 (Deutsche Bank).  In one issue, Misczak complains that the trial court's failure to file findings of fact and conclusions of law constituted harmful error.  We will affirm.

## II. BACKGROUND

In 2001, Brian and Jennifer Dayton purchased certain real property in Fort Worth using a promissory note secured by a deed of trust.  The deed of trust contained a provision stating that the Daytons, and any persons claiming by and through them, would be considered tenants at will if they continued to hold possession of the property after it had been purchased at a foreclosure sale.  The Daytons later deeded the property to Misczak.  The note on the property became outstanding, and Deutsche Bank subsequently purchased the property at a foreclosure sale.

Deutsche Bank then sent a written notice to vacate the property to the property's occupants.  When the occupants refused to vacate, Deutsche Bank instituted a forcible entry and detainer action.[2]  The trial court held a bench trial

---

[2]Deutsche Bank originally brought suit in the Justice Court, Precinct 4 of Tarrant County.  After the justice court ruled in Deutsche Bank's favor, Misczak appealed to County Court at Law No. 1 of Tarrant County.  When we reference

on Deutsche Bank's action on May 21, 2015. That same day, the trial court entered judgment in Deutsche Bank's favor. On June 9, 2015, Misczak filed a request for findings of fact and conclusions of law. Both parties then filed proposed findings of fact and conclusions of law for the trial court to consider. On July 8, 2015, Misczak filed a notice of past due findings. The trial court did not file findings of fact and conclusions of law.

### III. FAILURE TO FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW

In her sole issue, Misczak complains that the trial court's failure to file findings of fact and conclusions of law constituted harmful error.

### A. The Law

When properly requested, a trial court has a mandatory duty to file findings of fact and conclusions of law. Tex. R. Civ. P. 296, 297; *Murray v. Murray*, 276 S.W.3d 138, 143 (Tex. App.—Fort Worth 2008, pet. dism'd). If a trial court does not file findings of fact and conclusions of law after a request has been properly made, it is presumed harmful unless the record affirmatively shows that the complaining party suffered no injury. *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989); *Landerman v. State Bar of Tex.*, 247 S.W.3d 426, 430 (Tex. App.—Dallas 2008, pet. denied).

The general rule is that a complainant has been harmed if the failure to file findings of fact and conclusions of law causes her to have to guess at the reason

---

the "trial court" throughout this opinion, we are referring to the county court, not the justice court.

the trial court ruled against her or prevents her from properly presenting her case to the appellate court. *R.H. v. Smith*, 339 S.W.3d 756, 766 (Tex. App.—Dallas 2011, no pet.). When only a single ground of recovery or a single defense is presented to the trial court, the complainant suffers no harm when the trial court fails to file findings of fact and conclusions of law, as the complainant is not forced to guess the reasons for the trial court's decision. *Pham v. Harris Cty. Rentals, L.L.C.*, 455 S.W.3d 702, 706 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *R.H.*, 339 S.W.3d at 766; *Nev. Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.*, 225 S.W.3d 68, 77 (Tex. App.—El Paso 2005, no pet.).

## B. Application of the Law to the Facts

In her brief, Misczak states that the trial court's order denying her amended motion to dismiss "forms the basis of this appeal" and claims that she "presented several defensive theories at trial . . . ." Her brief—and our review of the appellate record—demonstrate, however, that only one defensive issue was raised at trial. The one defensive issue raised by Misczak, citing *Rice v. Pinney*, 51 S.W.3d 705, 713 (Tex. App.—Dallas 2001, no pet.), was that the trial court allegedly lacked jurisdiction because the issue of immediate possession was so integrally linked to the issue of title that deciding the right to immediate possession necessarily required the resolution of a title dispute. All points raised by Misczak at trial related to that alleged jurisdictional issue. The record is clear that the trial court rejected Misczak's defensive issue on the ground that there was not a "bona fide dispute as to title." As only one defensive issue was raised,

4

and as the trial court explained its reasoning for rejecting that issue, Misczak was not left to guess as to why the trial court ruled as it did. *See Pham*, 455 S.W.3d at 706; *R.H.*, 339 S.W.3d at 766; *Nev. Gold & Silver*, 225 S.W.3d at 77.

Further, Misczak does not explain, and the record does not show, how she was prevented from properly presenting her case to this court or how she has otherwise suffered injury from the alleged error. Nor does Misczak identify any issue she was unable to brief as a result of the trial court's failure to file findings of fact and conclusions of law. On this record, we conclude that findings of fact and conclusions of law were not necessary, and therefore, any error by the trial court in failing to file them was harmless. *See Pham*, 455 S.W.3d at 706; *R.H.*, 339 S.W.3d at 766; *Nev. Gold & Silver*, 225 S.W.3d at 77.

We overrule Misczak's sole issue.

### IV. CONCLUSION

Having overruled Misczak's sole issue, we affirm the trial court's judgment.


/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and SUDDERTH, JJ.

DELIVERED: April 7, 2016

5