# NO. 12-16-00013-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEFF P. JORGENSON,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 87TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *JOE V. EVANS,*<br>*APPELLEE* | *§* | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jeff P. Jorgenson appeals from a judgment against him and in favor of Joe V. Evans. In his sole issue, Jorgenson challenges the judgment against him because (1) the trial court failed to file findings of fact and conclusions of law; and (2) in the alternative, the trial court erred by granting judgment in favor of Evans. We affirm.

## BACKGROUND

Evans sued Jorgenson, Action Construction, Jon Valentine, and Ron Beasley alleging various causes of action arising out of Evans's agreement to perform dirt work on Jorgenson's property.[1] In his petition, Evans alleged that Jorgenson contracted with Action to construct improvements on his property. Action subcontracted the dirt work to Evans, but made only partial payments for the dirt work. Evans alleged that he was owed $13,230. He further alleged that he sent notice letters and a copy of a materialman's lien to all proper parties.

In May 2015, the trial court conducted a bench trial. At the beginning of trial, Evans's counsel informed the trial court that judgment had been rendered against all the defendants, but a new trial had been granted for Jorgenson because of a lack of notice from the clerk. During trial, Evans testified that Valentine approached him about conducting dirt work on Jorgenson's land.

---

[1]Action, Valentine, and Beasley are not parties to this appeal.

Evans agreed to do the work, but did not sign a written contract. He testified that he moved 4,836 cubic yards of dirt for a total of $25,389 at $5.25 per load, which he testified to be a fair and reasonable price. Evans testified that Action paid part of the amount owed, but that $13,230 remained after one check was returned for insufficient funds and a stop payment order was placed on another check. Joseph Davenport and Woodrow Smith, who both assisted Evans, testified that $5.25 per load was a fair and reasonable price for the dirt work. Smith testified that $5.25 was actually slightly under the amount being charged for similar work in the area.

Jorgenson testified that he entered into a contract with Action to construct horse barns on his property. At that time, there were no buildings on the property and Jorgenson was not residing on the property. He testified that the contract with Action included only the structures and did not include any completion work for the inside of the structures. He testified that Evans performed dirt work for the project, but that Action abandoned the project. Jorgenson hired another contractor, and he testified that it cost $3,000 to repair the dirt work because the pads had to be leveled. He did not believe that $25,389 was a fair and reasonable sum for the work performed. Jorgenson testified that he never received a written notice from Action disputing Evans's claim. At the time of trial, Jorgenson resided in one of the barns.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his first subissue, Jorgenson contends that the trial court's failure to file findings of fact and conclusions of law constitutes reversible error because he cannot determine the facts or theories upon which the trial court's judgment is based.

### Facts

On October 23, 2015, the trial court signed a judgment awarding Evans $13,230 in damages, to be recovered from the defendants jointly and severally. The trial court also ordered Jorgenson to pay $2,625 in attorney's fees. On November 2, Jorgenson filed a request for findings of fact and conclusions of law. On November 24, Jorgenson filed a notice of past due findings of fact and conclusions of law. The trial court did not file the requested findings and conclusions.

### Standard of Review and Applicable Law

In a case tried without a jury, a party may ask the trial court to file written findings of fact and conclusions of law. TEX. R. CIV. P. 296. The request must be filed with the court clerk

within twenty days after the trial court signs its judgment and the clerk shall immediately call the request to the trial court's attention. *Id*. The trial court shall file its findings within twenty days after the filing of a timely request. TEX. R. CIV. P. 297. If the trial court fails to do so, the requesting party shall, within thirty days after filing the original request, file with the clerk a notice of past due findings. *Id*. Once this notice is filed, the time for filing findings is extended to forty days from the date of the original request. *Id*.

When the trial court fails to file requested findings, such failure is not harmful error if the appellate record affirmatively shows that the complaining party suffered no injury. *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996). Error is harmful when it prevents the appellant from properly presenting a case to the appellate court. *Id*. "The controlling issue is whether the circumstances of the particular case would require an appellant to guess at the reasons for the trial court's decision." *Gen. Elec. Capital Corp. v. ICO, Inc.*, 230 S.W.3d 702, 711 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

<u>**Analysis**</u>

In his petition, Evans mentions Jorgenson only in the context of his claim for foreclosure of his materialman's lien. Specifically, he alleged a right to a personal judgment against Jorgenson under section 53.083 of the Texas Property Code. At trial, Evans's counsel informed the trial court that the purpose of the trial was to foreclose on Evans's materialman's lien and impose personal liability against Jorgenson. Defense counsel acknowledged that the only claim for relief against Jorgenson was the materialman's lien and liability under chapter 53 of the Texas Property Code. He argued that Evans had failed to comply with the statute. After Evans rested his case, defense counsel moved for a directed verdict on the ground that Evans had not established his right to relief under Chapter 53. Additionally, on appeal, Jorgenson acknowledges that "Section 53.083 was the only ground plead by Appellee for a personal judgment against Appellant."

We conclude that the record affirmatively shows that Jorgenson has suffered no harm as a result of the trial court's failure to file the requested findings of fact and conclusions of law. *See Tenery*, 932 S.W.2d at 30. It is evident from Evans's petition and the parties' arguments at trial that the only grounds for relief asserted against Jorgenson are Evans's claim for foreclosure of his materialman's lien and a personal judgment under Chapter 53 of the Texas Property Code. As Jorgenson acknowledges in his brief, the trial court did not order foreclosure of the lien. The

3

only remaining ground on which a judgment could be based is Evans's Chapter 53 claim. Because Jorgenson is not required to speculate as to the basis for the trial court's judgment, the absence of findings and conclusions has not prevented him from properly presenting his case to this Court. *See id.*; *see also **Gen. Elec. Capital Corp.***, 230 S.W.3d at 711.

## TEXAS PROPERTY CODE

In his second subissue, Jorgenson contends that Chapter 53, subchapter K, of the Texas Property Code applies because his contract with Action was for residential construction. Given that Evans's claim is based on section 53.083, which is not in subchapter K, Jorgenson argues that Evans cannot recover. He also contends that Evans failed to comply with section 53.254 of subchapter K, which addresses homestead property. For these reasons, he argues that the attorney's fees award is based on an improper judgment.

### Standard of Review

When findings of fact and conclusions of law are not filed, the judgment implies all findings necessary to support it. ***Torrington Co. v. Stutzman***, 46 S.W.3d 829, 842 (Tex. 2000). If the appellate record contains both the reporter's and clerk's records, the trial court's implied findings are not conclusive and may be challenged for legal and factual sufficiency. ***BMC Software Belgium, N.V. v. Marchand***, 83 S.W.3d 789, 795 (Tex. 2002). We conduct a sufficiency review under the same standards as those applicable to jury findings. ***Anderson v. City of Seven Points***, 806 S.W.2d 791, 794 (Tex. 1991).

Under a legal sufficiency review, we determine whether the evidence presented at trial would enable reasonable and fair-minded people to reach the ruling under review. ***Del Lago Partners, Inc. v. Smith***, 307 S.W.3d 762, 770 (Tex. 2010). We view the evidence in the light most favorable to the trial court's implied findings and indulge every reasonable inference that would support them. ***City of Keller v. Wilson***, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. ***Id.*** at 827. A legal sufficiency challenge fails when there is more than a scintilla of evidence to support the trial court's findings. ***Marchand***, 83 S.W.3d at 795.

Under factual sufficiency review, we consider and weigh all of the evidence and will reverse only when the implied finding is so against the great weight and preponderance of the

evidence as to make it clearly wrong and unjust. ***Wilson***, 168 S.W.3d at 826. "When a party without the burden of proof challenges the factual sufficiency of the evidence to support an adverse finding, the party must demonstrate that there is insufficient evidence to support the adverse finding." ***Long v. Long***, 196 S.W.3d 460, 464 (Tex. App.—Dallas 2006, no pet.). The factfinder is the sole judge of the credibility of the witnesses and the weight to give their testimony. ***Wilson***, 168 S.W.3d at 819. An appellate court cannot impose its own opinion to the contrary. ***Id***.

## Mechanic's and Materialman's Liens

Chapter 53 of the Texas Property Code governs mechanic's and materialman's liens. TEX. PROP. CODE ANN. §§ 53.001-.287 (West 2014); ***Pham v. Harris Cty. Rentals, L.L.C.***, 455 S.W.3d 702, 707 (Tex. App.—Houston [1st Dist.] 2014, no pet.). A person has a lien on an owner's property when he furnishes labor or materials to construct or repair a building or improvements pursuant to a contract with the property owner or the owner's agent, trustee, receiver, contractor, or subcontractor. TEX. PROP. CODE ANN. § 53.021(a). A subcontractor, known as a derivative claimant, must rely on statutory lien remedies and may seek recovery from either "trapped" or "retained" funds. ***Pham***, 455 S.W.3d at 707. "Trapped" funds are those "not yet paid to the original contractor at the time the property owner receives notice that a subcontractor has not been paid[.]" ***Id***.; *see* TEX. PROP. CODE ANN. § 53.081. Upon receipt of the requisite notice, the owner may withhold funds from the original contractor until the claim is paid or settled, the time for filing a lien affidavit has passed, or if an affidavit has been filed, until the claim is satisfied or released. TEX. PROP. CODE ANN. §§ 53.081-.082. "Retained" funds are those withheld from the original contractor pursuant to (1) a contractual agreement, or (2) section 53.101, which requires the owner to withhold ten percent of the contract price for thirty days after the work is completed. ***Id***. §§ 53.025, 53.101.

The "fund trapping" statute is found in subchapter D. *See id*. §§ 53.081-.085. Under section 53.083, a subcontractor may make written demand for payment of a claim to an owner who is authorized to withhold funds from the general contractor. ***Id***. § 53.083(a). An owner is authorized to withhold funds from the general contractor after he receives notice from a derivative claimant that pertains to residential construction. *See id*. §§ 53.081(a) (authorizing owner to withhold payments after receiving notice under section 53.252), 53.252 (presenting requirements for notice from derivative claimant to owner regarding residential construction). In

general, the subcontractor's demand must notify the owner that all or part of the claim has accrued or is past due according to the parties' agreement. *Id*. § 53.083(a). The subcontractor must send a copy of the notice to the original contractor, and if the original contractor does not timely dispute the subcontractor's claim, he is "considered to have assented to the demand and the owner shall pay the claim." *Id*. § 53.083(b). If the owner does not pay the claim, he could become personally liable for the amount of the claim once the authorization to withhold is triggered. *In re Medina*, 413 B.R. 583, 592 (W.D. Tex. 2009); *see* TEX. PROP. CODE ANN. § 53.084(b).

Subchapter K contains additional requirements that a subcontractor must satisfy regarding residential construction. *See* TEX. PROP. CODE ANN. § 53.251. Subchapter K does not exclude recovery under section 53.083, and specifically "cross-references the 'fund trapping' statute[.]" *In re Monaco*, 514 B.R. 477, 490 (W.D. Tex. 2014); *see* TEX. PROP. CODE ANN. § 53.252(a), (c). To authorize the owner to withhold funds under Subchapter D, including section 53.083, the subcontractor's notice must state (1) the unpaid balance, and (2) that, if the claim remains unpaid, the owner may be personally liable and his property subject to a lien unless the owner withholds payment from the contractor or the claim is paid or settled. TEX. PROP. CODE ANN. §§ 53.056(d), 53.252(b), (c). If the property is a homestead, the notice must contain certain specific language, among other requirements. *Id*. §§ 53.252(a), 53.254.

## Jorgenson's Homestead Claim

The record contains some evidence suggesting that Jorgenson's contract with Action was for residential construction, even though Action was not hired to complete the inside of the barns. *See id*. § 53.001(9) (in "residential construction contract," contractor agrees to construct or repair owner's residence, including improvements appurtenant thereto); § 53.001(8) (residence includes single-family house, duplex, triplex, quadruplex, or unit in multiunit structure used for residential purposes that is owned by one or more adults and used or intended to be used as dwelling by one of the owners). However, while all residential homesteads meet the definition of a "residential construction project," not all residential construction projects constitute homestead property. *Cavazos v. Munoz*, 305 B.R. 661, 677 (S.D. Tex. 2004). A homestead claim must be affirmatively pleaded, which Jorgenson did not do. *See Watson v. Tipton*, 274 S.W.3d 791, 800 (Tex. App.—Fort Worth 2008, pet. denied). Moreover, as the party claiming homestead, Jorgenson had the burden of proof. *See Denmon v. Atlas Leasing, L.L.C.*, 285

S.W.3d 591, 595 (Tex. App.—Dallas 2009, no pet.). At trial, Jorgenson's counsel argued that the property is a homestead. However, counsel's arguments are not evidence, and Jorgenson's occupancy of one of the barns after construction does not ipso facto make the property a homestead. *See Clayton v. Wisener*, 169 S.W.3d 682, 684 (Tex. App.—Tyler 2005, pet. denied); *see also Purdin v. Jenkins*, 337 S.W.2d 418, 421 (Tex. App.—Dallas 1960, no pet.). Because Jorgenson failed to plead or prove his homestead claim, Evans was not required to comply with subchapter K's homestead provision.

**Sufficiency of the Evidence**

Evans's notice sets forth the language required by section 53.252(c), contains a written demand for payment, advises that a claim is accrued or is past due, and includes a description of the unpaid balance. *See* TEX. PROP. CODE ANN. §§ 53.083(a), 53.056, 53.252(c); *Private Mini Storage Realty, L.P. v. Larry F. Smith, Inc.*, 304 S.W.3d 854, 859-60 (Tex. App.—Dallas 2010, no pet.). Once Evans sent the demand and Action failed to dispute Evans's claim, Action is considered to have assented to the claim and Jorgenson, as the owner, was required to pay the claim. *See* TEX. PROP. CODE ANN. § 53.083(b). His failure to do so subjected him to personal liability for the full amount of the unpaid claim. *See id*. §§ 53.083(b), 53.084(b); *Medina*, 413 B.R. at 592. "It is the general policy in Texas that when someone has to lose money because of an impecunious contractor, it should be the owner and not the subcontractor." *Stolz v. Honeycutt*, 42 S.W.3d 305, 314-15 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

As for the amount of damages, Jorgenson maintains that Evans was limited to recovering ten percent of the amount paid to Action under subchapter E, the "retainage" statute. *See* TEX. PROP. CODE ANN. §§ 53.101-.107; *see also Pham*, 455 S.W.3d at 707. Evans pleaded entitlement to ten percent of the down payment Jorgenson made to Action and argued at trial that he was at least entitled to the retainage amount. As previously discussed, Evans also pleaded a claim pursuant to section 53.083 of subchapter D and alleged entitlement to $13,230 from Jorgenson. Accordingly, the trial court's judgment conforms to the pleadings. *See* TEX. R. CIV. P. 301. Additionally, the trial court heard testimony from Evans, Davenport, and Smith that the amount charged was reasonable and that $13,230 was owed as a result. As sole judge of the weight and credibility of the evidence, the trial court was entitled to reject Jorgenson's testimony to the contrary. *See Wilson*, 168 S.W.3d at 819.

Accordingly, the trial court could reasonably conclude that Evans was entitled to the full amount of damages claimed. *See **Private Mini Storage Realty, L.P.***, 304 S.W.3d at 860-61 (finding evidence legally and factually sufficient to support damages award in amount not paid to subcontractor under section 53.083); *see also **Stolz***, 42 S.W.3d at 311 ("The amount trapped under the Trapping Statute (as big as the claim is big) may be more than the required retainage under the Retainage Statute (a flat ten percent of contract price or value).").

Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the evidence is legally sufficient to support the judgment against Jorgenson. *See **Smith***, 307 S.W.3d at 770. The verdict is not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *See **Wilson***, 168 S.W.3d at 826. And the award of attorney's fees is not based on an improper judgment. We overrule Jorgenson's sole issue.

## DISPOSITION

Having overruled Jorgenson's sole issue, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered August 31, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 31, 2016**

**NO. 12-16-00013-CV**

**JEFF P. JORGENSON,**
Appellant
V.
**JOE V. EVANS,**
Appellee

Appeal from the 87th District Court

of Anderson County, Texas (Tr.Ct.No. 87-10410)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **JEFF P. JORGENSON,** for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*