Opinion issued November 5, 2019



In The

# Court of Appeals

For The

# First District of Texas

————————————————

## NO. 01-18-00516-CV

————————————————

## HOLLY BROOKE SCHAUMLEFFEL, Appellant

## V.

## GS/TPRF III HOUSTON MED. CTR., LP, Appellee

---

### On Appeal from County Civil Court at Law No. 2
### Harris County, Texas
### Trial Court Case No. 1110670

---

## MEMORANDUM OPINION

GS/TPRF III Houston Medical Center, LP rented an apartment to Holly Brooke Schaumleffel. After Schaumleffel failed to pay her rent, GS/TPRF III gave her notice to vacate and filed a forcible detainer action against her in justice court, seeking possession of the premises and payment of past due rent. The justice court

rendered judgment in favor of GS/TPRF III. After a de novo trial, the county civil court at law rendered judgment in favor of GS/TPRF III, awarding it possession of the property, past due rent, and attorney's fees.

On appeal, Schaumleffel raises one issue. She contends that "the trial court erred in ruling that her proffered retaliatory eviction defense" was not available to her. *See* TEX. PROP. CODE § 92.331 (prohibiting retaliation by landlord for certain acts taken by residential tenants); *id.* § 92.335 (providing that retaliation is defense to eviction suit).

We affirm.

## Background

Schaumleffel and GS/TPRF III entered into a one-year written apartment lease contract in September 2017. Under the terms of the lease, Schaumleffel's monthly rent was $2009.

The lease required Schaumleffel to pay her rent "on or before the 1st day of each month" with "no grace period." The lease provided that "not paying rent on the 1st of each month is a material breach of this Lease." The lease further warned, "If you don't pay rent on time, you'll be in default and subject to all remedies under state law and this Lease."

Schaumleffel failed to pay her rent for April 2018. On April 7, 2018, GS/TPRF III delivered to Schaumleffel a notice to vacate for non-payment of rent,

2

requiring her to leave the premises in three days. The notice advised Schaumleffel that her failure to move out would result in legal action against her.

Schaumleffel did not move out of the apartment. On April 17, 2018, GS/TPRF III filed a Petition for Eviction against Schaumleffel in justice court based on her "failure to pay rent." For relief, GS/TPRF III requested possession of the apartment and past due rent.

Following a trial, the justice court signed a judgment against Schaumleffel on May 9, 2018. The court awarded GS/TPRF III possession of the apartment and ordered Schaumleffel to pay $2,560 in past due rent. Schaumleffel appealed the justice court's judgment to the county civil court at law by filing a sworn statement of inability to pay within five days after the judgment was signed. *See* TEX. R. CIV. P. 510.9(a).

Schaumleffel filed an answer in county court. Among her affirmative defenses she claimed that the eviction suit was brought "in retaliation for her good-faith exercise of a lawful right or remedy."

On June 4, 2018, the county court conducted a bench trial. GS/TPRF III's representative, Rebecca Johnson, testified that Schaumleffel never paid April's rent. During Johnson's testimony, the lease and the April 7 notice to vacate for nonpayment of rent were admitted into evidence. GS/TPRF III's attorney testified regarding the amount of attorney's fees GS/TPRF III had incurred.

Schaumleffel also testified. She acknowledged that she did not pay her rent for April. She stated that she was unable to pay her April rent because she was "out of work for a month." Schaumleffel testified that she started working again in May 2018.

Schaumleffel also testified that she suffers from a medical condition, which requires the temperature in her apartment to stay below 76 degrees. She stated that in February 2018 her air conditioning stopped working. She requested GS/TPRF III to fix it, and the repairs were made. Johnson also testified that repairs were made to Schaumleffel's air conditioning at her request in February 2018.

Schaumleffel's attorney indicated to the trial court that Schaumleffel was pursuing an affirmative defense against the eviction suit based on her request for repairs, implying that the eviction action had been in retaliation for her requests to repair the air conditioning. The trial court responded that the defense did not apply.

At the end of trial, the county court rendered judgment in favor of GS/TPRF III, awarding it possession of the property, as well as $4,285.87 in past due rent and $1,450 in attorney's fees.

This appeal followed.

**Retaliatory-Eviction Defense**

In her sole issue, Schaumleffel contends that "the trial court erred in ruling that her proffered retaliatory eviction defense" was not available to her. She asserts

4

that she offered evidence showing that the defense applied. Given Schaumleffel's arguments, we construe her issue as a sufficiency-of-the-evidence challenge to the trial court's implied findings supporting its conclusion that Schaumleffel was not entitled to the affirmative defense of retaliatory eviction. *See Pham v. Harris Cty. Rentals, L.L.C.*, 455 S.W.3d 702, 708-09 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (construing appellant's issue that "the trial court erred by dismissing [his] affirmative defense of release and waiver" to be sufficiency challenge to implied finding that he had failed to prove that defense).

## A.    Standard of Review

A party challenging the legal sufficiency of an adverse finding on an issue for which she had the burden of proof at trial must establish, as a matter of law, all essential facts in support of the issue. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). That is, the party "must show that there is no evidence to support the factfinder's finding and that the evidence conclusively establishes the opposite of the finding." *Indian Oil Co., LLC v. Bishop Petroleum, Inc.*, 406 S.W.3d 644, 652 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (citing *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001)).

In a factual-sufficiency challenge, we review all the evidence and decide whether the adverse finding is against the great weight and preponderance of the evidence. *See Dow Chem. Co.*, 46 S.W.3d at 242. We set the finding aside only if

5

the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that the finding is clearly wrong and unjust. *Id.*

**B.     Analysis**

Schaumleffel correctly points out that Property Code Section 92.331 prohibits a landlord from filing an eviction suit because of (and within six months of) a tenant's exercising a right or remedy against a landlord that is granted to the tenant by a federal or state statute. *See* TEX. PROP. CODE § 92.331. Retaliation by a landlord under Section 92.331 is a defense to an eviction suit. *Id.* § 92.335.

Schaumleffel asserts that she offered evidence to establish that GS/TPRF III filed the eviction action to retaliate against her because she asserted her rights under a federal statute: Section 3604(f)(3)(B) of the Fair Housing Act. *See* TEX. PROP. CODE § 92.331(a). Under Section 3604(f)(3)(B), a person with disabilities is entitled to have her landlord make reasonable accommodations "when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). Schaumleffel claims that she offered evidence showing that she has a disability and that her request for her air conditioning to be repaired and maintained under 76 degrees was a reasonable accommodation for her disability. She points out that the evidence showed that she made a request for her air conditioning to be repaired in February 2018, less than

six months before GS/TPRF III gave her the notice to vacate in April 2018. *See*

TEX. PROP. CODE § 92.331(b).

However, as GS/TPRF III points out, Property Code Section 92.331 prohibits a landlord from retaliating against a tenant by filing an eviction proceeding "except for the grounds stated by Section 92.332." *Id.*

Property Code Section 92.332 provides in relevant part:

(b) An eviction or lease termination based on the following circumstances, which are valid grounds for eviction or lease termination in any event, does not constitute retaliation:

(1) the tenant is delinquent in rent when the landlord gives notice to vacate or files an eviction action[.]

*Id.* § 92.332(b)(1).

Here, Johnson and Schaumleffel both testified that Schaumleffel never paid her April 2018 rent. The lease shows that Schaumleffel's rent was due April 1 "with no grace periods." GS/TPRF III delivered the notice to vacate for non-payment of rent to Schaumleffel on April 7, 2018.

On appeal, Schaumleffel acknowledges that she had not paid her April rent when she received the notice to vacate on April 7. Nonetheless, Schaumleffel claims that she was not "delinquent in rent" because she "had informed [GS/TPRF III] that she would not be paying rent due to the air conditioner unit failing to properly cool her apartment." *See id.* § 92.335 (providing that "retaliation by the

landlord under Section 92.331 is a defense and a rent deduction lawfully made by the tenant under this chapter is a defense for nonpayment of the rent").

The record, however, does not support Schaumleffel's claim that she "informed [GS/TPRF III] that she would not be paying rent due to the air conditioner unit failing to properly cool her apartment." To the contrary, Johnson testified that Schaumleffel had informed GS/TPRF III that "there was a problem with her *ability* to pay rent" for April. (Emphasis added.)

Schaumleffel testified that she did not pay April's rent because she was "out of work for a month" in April and indicated that she could not afford to pay the rent. No evidence showed that Schaumleffel told GS/TPRF III that she would not pay April's rent "due to the air conditioner unit failing to properly cool her apartment" as she now claims on appeal. Thus, because she was delinquent in rent when GS/TPRF III gave her notice to vacate, the evidence at trial established that GS/TPRF III did not engage in retaliatory eviction of Schaumleffel. *See id.* § 92.332(b)(1).

After reviewing the evidence, we conclude that Schaumleffel did not establish, as a matter of law, all essential facts in support of her affirmative defense of retaliatory eviction. *Sterner*, 767 S.W.2d at 690. Nor has she shown that the trial court's implied findings supporting the trial court's rejection of her retaliatory-eviction defense are so against the great weight and preponderance of the evidence

to be manifestly unjust. *See Dow Chem. Co.*, 46 S.W.3d at 242. We hold that the evidence was legally and factually sufficient to support the trial court's implied findings regarding the defense of retaliatory eviction.

We overrule Schaumleffel's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Chief Justice Radack and Justices Keyes and Landau.