**Opinion issued January 28, 2020**



In The

# Court of Appeals

### For The

## First District of Texas

———————————

### NO. 01-19-00418-CV

———————————

### CHARLEY HUNTER, Appellant

### V.

### LIBERTY MUTUAL INSURANCE, Appellee

---

### On Appeal from the 268th District Court
### Fort Bend County, Texas
### Trial Court Case No. 19-DCV-258885

---

### MEMORANDUM OPINION

Appellant Charley Hunter attempts to appeal from the trial court's no-answer default judgment signed on June 7, 2019. However, Hunter never filed a notice of appeal. Instead, his alleged common-law wife, Carolyn Dawson, signed and filed a notice of appeal on Hunter's behalf. But Dawson is not an attorney (and

does not hold herself out to be). Like Hunter, Dawson is a pro se litigant in the proceedings below.

Under Texas law, if a person is not a member of the state bar or otherwise granted special permission, that person may not practice law on behalf of another person—even if the two persons are related or married. *See* TEX. GOV'T CODE § 81.102(a) ("[A] person may not practice law in this state unless the person is a member of the state bar."); *Unauthorized Practice of Law Comm. v. Am. Home Assur. Co.*, 261 S.W.3d 24, 29 (Tex. 2008) ("To practice law in Texas, one must either be licensed by the Court or have special permission."); *Pham v. Harris Cty. Rentals, L.L.C.*, 455 S.W.3d 702, 710 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (holding that property owner who appeared pro se and was not attorney could not represent wife in action brought by equipment rental subcontractor against owner and owner's wife to foreclose mechanic's lien); *Magaha v. Holmes*, 886 S.W.2d 447, 448 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (per curiam) (holding that plaintiff's mother could not act as his attorney because she was not licensed to practice law).

This prohibition includes filing a notice of appeal on behalf of another person. *See Premier Assocs., Inc. v. Louetta Shopping Ctr. Houston, L.P.*, No. 01-12-00369-CV, 2012 WL 4243802, at *1 (Tex. App.—Houston [1st Dist.] Sept. 20, 2012, no pet.) (per curiam) (mem. op.) ("[A] person proceeding pro se cannot file a

2

notice of appeal on behalf of another person."); *see also* TEX. R. APP. P. 9.1(b) ("A party not represented by counsel must sign any document that the party files . . . .").

Because Dawson is not a member of the state bar and has not otherwise received special permission to practice law on Hunter's behalf, she lacked the authority to sign and file Hunter's notice of appeal. Accordingly, no timely notice of appeal has been filed on Hunter's behalf. *See* TEX. R. APP. P. 26.1 (setting deadlines for filing notice of appeal). Without a timely filed notice of appeal, we lack jurisdiction over Hunter's appeal. *See* TEX. R. APP. P. 25.1(a) ("An appeal is perfected when a written notice of appeal is filed with the trial court clerk.").

On November 14, 2019, we gave notice that Hunter's appeal was subject to dismissal for want of jurisdiction. No meritorious response was filed showing grounds for continuing Hunter's appeal. Accordingly, we dismiss Hunter's appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

**PER CURIAM**

Panel consists of Justices Keyes, Goodman, and Countiss.