

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00071-CV
_____

IN THE INTEREST OF O.L.C., S.A.C., AND A.B.C., CHILDREN

On Appeal from the 45th District Court
Bexar County, Texas
Trial Court No. 2006-CI-00509, Honorable Marisa Flores, Presiding

September 24, 2024

## ORDER OF ABATEMENT AND REMAND[1]

Before QUINN, C.J., and PARKER and DOSS, JJ.

This matter is a cross-appeal from an enforcement order. Timothy Joseph Connolly was found in contempt for neglecting a previously ordered duty. Furthermore, the trial court awarded Brooke Benson $60,203.47 in unpaid medical and dental expenses. Connolly challenges the trial court's order through six issues. Benson cross-appealed, challenging the trial court's denial of attorney's fees.

---

[1] Because this matter was transferred from the Fourth Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. *See* TEX. R. APP. P. 41.3.

Of the six issues posed by Connolly, one concerns the absence of findings of fact and conclusions of law. Same were requested sixteen days after the trial court "signed" its Order of Enforcement. *See* TEX. R. CIV. P. 296 (stating that the request "shall be filed within twenty days after judgment is signed"). He also filed a notice of past due findings within the appropriate period. *Id.* at Rule 297 (stating that "[i]f the court fails to send timely findings of fact and conclusions of law, the party making the request must, within thirty days after filing the original request, file . . . a 'Notice of Past Due Findings' . . ."). This followed expression from a representative of the Bexar County Civil District Courts that "[t]he Court respectfully declines to enter Findings of Fact and Conclusions of Law."

When properly requested, a trial court has the mandatory duty to file findings of fact and conclusions of law. TEX. R. CIV. P. 296, 297; *In re M.U.C.O.*, No. 04-21-00280-CV, 2022 Tex. App. LEXIS 6233, at *4-5 (Tex. App.—San Antonio Aug. 24, 2022, no pet.) (mem. op.). Failing to comply creates a presumption of harm, unless the record affirmatively illustrates the appellant suffered none. *Id.; see also Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017) (per curiam).

The appropriate question in assessing harm is whether the appellant would be forced to guess the reason or reasons why the trial court ruled against it. *In re A.W.M.*, No. 04-20-00535-CV, 2021 Tex. App. LEXIS 6585, at *4-5 (Tex. App.—San Antonio August 11, 2021, no pet.) (mem. op.) (quoting *McLaughlin, Inc. v. Northstar Drilling Techs., Inc.*, No. 04-02-00511-CV, 2003 Tex. App. LEXIS 6305, at *2 (Tex. App.—San

2

Antonio July 23, 2003, no pet.) (mem. op.)).[2]  Normally, where there is only a single ground of recovery or a single defense, an appellant does not have to guess at such reasons and suffers no harm.  *Id.*  The converse arises when two or more possible grounds of recovery or defense exist, however.  *Id.*  Though our situation does not neatly fall within either category, it reflects more the latter than the former.

Benson moved to hold Connolly in contempt for neglecting to reimburse her for "medical insurance premiums" and "pay . . . the full amount of dental insurance due." Allegedly, the "total arrearage at the time of filing [was] $150,275.80, including $143,091.90 in unpaid medical support not previously confirmed and $7,183.90 in unpaid dental support not previously confirmed."  She further moved to recover those sums from him.  After hearing the dispute, the trial court found that Connolly "failed to comply with the Court's previous orders and [was] in contempt of this Court for failure to comply with such orders."  It also granted Benson "judgment for unpaid ***medical and dental*** expenses in the amount of $60,203.47."

Seemingly, a "judgment for unpaid medical and dental expenses" would mean Connolly violated a previously ordered directive to pay both.  Yet, problem arises when one considers Benson's testimony about the amount of each expense allegedly due.  The $60,203.47 sum mentioned in the order actually mirrored her testimony about ***health insurance*** premiums supposedly due.  An additional $7,643.78 sum reflected payable dental expenses, according to the witness.  And, therein lies the conundrum.  In awarding

---

[2] Leaving the appellate court to guess is another circumstance to consider.  *See Pham v. Harris County Rentals, L.L.C.*, 455 S.W.3d 702, 706 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (referring to "the appellate court [having] . . . to guess the reason for the trial court's decision").

an amount mirroring her testimony about outstanding health premiums, did the trial court actually intend the $60,203.47 to cover both medical and dental expenses? Or, did it actually intend the amount to only reflect outstanding medical benefits? If the latter, then did the court implicitly find that Connolly breached only his duty to pay medical expenses? All involved, including this court, are left to speculate. That, in turn, also leads to debate about the particular provision or provisions in "the Court's previous orders" purportedly violated. Did they pertain to obligations to pay both medical and dental benefits or simply the latter? Answering that could affect the scope of an attack upon the finding of contempt or Connolly's analysis regarding liability for unpaid dental expenses.

To the foregoing, we add the trial court's decision to deny Benson her attorney's fees. That formed the basis of her cross-appeal. The legal ground on which the trial court relied in so ruling went unmentioned. This too proves somewhat problematic. According to statute, "the court **shall** order the respondent to pay the movant's reasonably attorney's fees" if it finds he failed to make child support payments. TEX. FAM. CODE ANN. § 157.167(a) (emphasis added). "[S]hall order" is mandatory, or so our Supreme Court thinks. *Tucker v. Thomas*, 419 S.W.3d 292, 300 (Tex. 2013) (stating the award of attorney's fees is mandatory). Without findings of fact and conclusions of law, both Benson and this court again are left to guess at the legal basis underlying the trial court's ruling.

No generic findings within the enforcement order itself ameliorate the conundrums we face. Indeed, authority issued by the San Antonio Court of Appeals would seemingly bar us from considering them in the first place. *See Cadle Co. v. Davis*, No. 04-09-00763-CV, 2010 Tex. App. LEXIS 10212, at *16 (Tex. App.—San Antonio Dec. 29, 2010, pet.

4

denied) (mem. op.) (stating that "findings of fact in judgments are forbidden and may not be considered on appeal").

In short, we cannot say the record before us affirmatively rebuts the presumption of harm arising from the absence of findings and conclusions. The appropriate remedy, therefore, is to abate the appeal and remand the cause for entry of same. *In re A.W.M.*, 2021 Tex. App. LEXIS 6585, at *9-10. We do that here.

The appeal is abated, and the cause remanded to the trial court. On remand, the trial court is ordered to issue findings of facts and conclusions of law. Same must illustrate both the ultimate or controlling facts, *see Rosin v. Rosin*, No. 04-98-00945-CV, 2000 Tex. App. LEXIS 2126, at *17-18 (Tex. App.—San Antonio Mar. 31, 2000, no pet) (mem. op.) (stating that a trial court must issue only those deemed ultimate or controlling), and legal grounds underlying its decision. We further order the trial court to cause its findings and conclusions to be included in a supplemental clerk's record and filed with the Clerk of the Seventh Court of Appeals on or before 5:00 p.m., October 21, 2024; failing to comply may result in a reversal of the Order of Enforcement.

Per Curiam